THE STATE, JOSEPH GLEASON ET AL., PROSECUTORS, v.
JEREMIAH ADAMS ET AL.

A *certiorari* removed to this court an order of the Common Pleas appoint-
ing surveyors to vacate a public road, and a *supersedeas* commanded
the surveyors to desist from taking further proceedings until the
further order of this court. Upon consideration the *certiorari* was
dismissed, but no *remittitur* was ordered, nor was the *supersedeas*
discharged. *Held*, that the Common Pleas could not, under those cir-
cumstances, order the surveyors to meet and proceed under the original
order, and the return of the surveyors thereon would be invalid.

*Certiorari* of proceedings vacating a public road.

Argued at November Term, 1891, before Justices SCUDDER
and MAGIE.

For the prosecutors, *Thomas E. French.*

For the defendants, *David J. Pancoast.*

The opinion of the court was delivered by

MAGIE, J. The attack of prosecutors should be confined
to the part of the proceedings respecting the vacation of the
public road in question, which have not heretofore been
adjudicated upon in this court.

Their objections are, therefore, applicable to an order of the
Common Pleas of Gloucester county, made February 25th,
1891, which, after reciting a previous order appointing
surveyors to view the road in question, and that the proceed-
ings had been removed to this court by *certiorari*, which was
subsequently dismissed, directed the surveyors to meet at a
certain time and place, and thereon proceed according to law
and the previous order, and the return made by the surveyors
under said order.

The case shows that the original order appointing surveyors,
and directing them to meet at a certain time and place, for the

purpose of vacating a certain public road, was removed into this court by *certiorari.*

A writ of *supersedeas* was also allowed by this court, commanding the surveyors to desist from meeting at the time and place mentioned in the original order, and also from taking any other proceedings until the further order of this court.

Upon consideration of the *certiorari* above mentioned, this court was of opinion that the order appointing the surveyors was valid. *Parker* v. *Adams*, 21 *Atl. Rep.* 938.

A rule was there entered dismissing the writ of *certiorari.* But no *remittitur* was then, or has since been, ordered. Nor has the *supersedeas* been discharged.

It also appears that a writ of error has issued removing the judgment of this court to the Court of Errors.

Upon these facts the prosecutors are entitled to relief.

Where a *certiorari* has removed the record of an inferior tribunal into this court, it remains here until remitted by order of the court. *Citizens' Gas Light Co.* v. *Alden*, 15 *Vroom* 648; 2 *Hale P. C.* 213.

That the writ was dismissed does not change the situation. Where a writ of error, which has removed a record into this court, is dismissed, a second writ directed to the court below is nugatory, because the record is yet here. *Welsh* v. *Brown*, 13 *Vroom* 323.

The result is, that the record of the original order remains here, or in the Court of Errors. There was nothing in the Common Pleas on which to found the order of February 25th, 1891, and it, and the return made thereon, must be vacated and set aside, with costs.