## COUGILL v. FARMERS' INSURANCE CO.

[S. C. 35 Pac. 975.]

PLEADING FOREIGN JUDGMENT.— A complaint in an action on a foreign judgment, alleging that plaintiff recovered a judgment against defendant in the superior court of another state, no part of which has been paid; that the same remains in force and effect; that on motion of defendant the judgment was vacated, annulled, and set aside by such

court; that by writ of *certiorari* the entire proceedings were removed to the supreme court where a judgment against defendant and in favor of plaintiff was rendered adjudging that the order of the superior court vacating the judgment be set aside, and that plaintiff recover her costs; but failing to allege any remittitur from the supreme court to the superior court, does not state a cause of action.

APPEAL from Linn: GEO. H. BURNETT, Judge.

Action by Mary Cougill against the. Farmers' and Merchants' Insurance Company of Albany, Oregon, on a judgment of the superior court of Jefferson County, Washington. There was a judgment for plaintiff, and defendant appeals.                      REVERSED.

*Mr. Chas. E. Wolverton* ( *Messrs. J. K. Weatherford* and *Geo. E. Chamberlain* on the brief), for Appellant.

*Mr. H. H. Hewitt* ( *Mr. John Trumbull* on the brief), for Respondent.

Opinion by MR. JUSTICE BEAN.

This is an appeal from a judgment of the circuit court for Linn County in favor of the plaintiff, rendered in an action on a judgment of a sister state. The only question argued or presented on this appeal, and which has been here raised for the first time in the case, is as to the sufficiency of the complaint. It alleges, in substance, that on the eleventh day of December, eighteen hundred and ninety, in an action then pending in the superior court of Jefferson County, Washington, the plaintiff herein recovered a judgment against the defendant for the sum of fourteen hundred and eighty-one dollars and eighty cents, together with her costs and disbursements, taxed at thirty-six dollars and eighty-five cents; that no part thereof has ever been paid, and that the same remains in force and effect, not satisfied, reversed, or otherwise

vacated; that on June twenty-seventh, eighteen hundred and ninety-one, the said court, on motion of the defendant, vacated, annulled, and set aside such judgment; that thereafter such proceedings were had that a writ of *certiorari* issued from the supreme court of said state to the judge of the superior court, commanding him to certify up to the supreme court the record of the proceedings in said cause; that subsequently such proceedings were had in the supreme court as that on the ninth day of February, eighteen hundred and ninety-two, a judgment was duly rendered against the defendant, and in favor of the plaintiff, in which it was adjudged that the order of the superior court vacating the judgment be set aside and held for naught, and that plaintiff recover her costs in the supreme court, taxed at sixty-eight dollars and fifty cents.

It is admitted by counsel for defendant that the facts set forth in the complaint would have constituted a cause of action if they had been confined to the existence of the judgment and that it remained in full force and effect. But his contention is that the plaintiff having averred that such judgment had been set aside and vacated by the court in which it was rendered, and that the cause had been taken to the supreme court by the plaintiff on a writ of *certiorari*, it must be presumed, in the absence of any allegation to the contrary, that the cause is still in the supreme court, and that inasmuch as that the court did not affirm the judgment so vacated, or render a judgment in plaintiff's favor, but simply reversed the order of the lower court, (*State* v. *Sachs,* 3 Wash. 391, 29 Pac. 446,) it therefore does not appear that there is any judgment upon which this action can be maintained. Under the system of procedure in the state of Washington, as we understand it, the supreme court has original jurisdiction to issue a writ of *certiorari* in a

common-law sense; and as at common law this writ was issued to remove a record from an inferior into a superior court, to be there examined and affirmed or reversed according to law, and, when so removed, it remained in the superior court until remitted by order of that court, though the writ be quashed: *Jaques* v. *Cesar,* 2 Saund. 100, and note; until such remitter be made, the judgment is not again in the court from which it was certified, and such court has no jurisdiction of the cause: ' *Welsh* v. *Brown,* 42 N. J. L. 323; *State* v. *Adams,* 54 N. J. L. 506, 24 Atl. 482. So that, when the record of the superior court of Jefferson county was removed by *certiorari* to the supreme court it there remained until remanded; and, there being no judgment in the superior court, because of its having been vacated by that court, and the cause never having been remanded, it necessarily follows that the complaint does not show a judgment in favor of plaintiff upon which this action can be maintained.

It was argued by plaintiff's counsel that the complaint states two causes of action — one upon a judgment of the superior court, and the other on a judgment of the supreme court for costs; and, having alleged that the judgment of the superior court still remains in full force and effect, and has not been reversed or annulled, it states a cause of action on that judgment, and the question as to whether a remitter from the supreme court has ever issued is solely a question of proof. This would probably be true if the complaint had not also averred that the judgment had been vacated and set aside by the court in which it was rendered, and hence it shows on its face that there is no judgment of that court, unless the effect of the action of the supreme court in reversing the order setting it aside is to revive the judgment without a remitter, which we do not understand to be the law.

Again it is claimed that only the order purporting to

---

---

vacate the judgment, and not the entire cause, was taken to the supreme court on the *certiorari* proceeding, and therefore the judgment remained unaffected by such proceedings. But under a writ of *certiorari* it was necessary to certify up the whole record, and it appears from the complaint that while the proceedings were instituted for the purpose of testing only a single question, the entire record was removed to the supreme court, and consequently the proceedings in the court below were suspended until the cause was again regularly remitted to that court: *Hunt* v *Lambertville*, 46 N. J. Law, 59. It follows, therefore, that the complaint does not state facts sufficient to constitute a cause of action, and the judgment of the court below must be reversed and the cause remanded for such further proceedings as may be proper not inconsistent with this opinion.

REVERSED.

LORD, C. J., being interested in the result, took no part in this decision.