State, Winants, pros., v. Jersey City.

---

STATE, GARRET E. WINANTS ET AL., PROSECUTORS, v. JERSEY CITY AND HENRY A. BOORAEM.

1. Lands on tide-waters below high-water mark, and entirely separate from fast land, the title being in the state, cannot be assessed for taxes.
2. Where a writ of *certiorari* is allowed to review the proceedings upon which a declaration of sale for taxes is founded, on objections available in ejectment, delay in the prosecution is not a good cause for dismissal at the hearing.

On *certiorari*. In matter of taxation.

Argued at February Term, 1880, before Justices DEPUE, SCUDDER and KNAPP.

For the prosecutors, *I. W. Scudder.*

For the defendants, *G. Collins.*

The opinion of the court was delivered by

SCUDDER, J. The assessors of Jersey City, in 1856, assessed for general taxes, Block 53 on Van Vorst township map, to

Peter Bentley & Co. The lots in controversy belonged, at that time, to Garret E. Winants, Andrew Clerke, Dudley S. Gregory, Henry J. Southmayd, and others, and have since been conveyed to the prosecutors.

These lots were sold for the taxes of 1856, and a declaration of sale made to Michael Lienan, the purchaser, who afterwards conveyed them to Henry A. Booraem.

June 14th, 1864, Garret E. Winants presented his petition to the common council of Jersey City, and on June 28th, 1864, by resolution, the sale for taxes of 1856 was directed to be canceled of record, on payment of the taxes of 1856, with interest and costs, on the ground that the lots of land had never belonged to Peter Bentley & Co., to whom they were assessed, and because there were doubts concerning the legality of the assessment, said block having been covered by water at the time of the assessment, and having been assessed independently of any adjacency to fast land.

All the deeds between the parties claiming to own these lots prior to the assessment of 1856, described them as land under water, flowed by the tide-water of the Hudson river; and by the evidence taken, it appears that they were then seven hundred feet below high-water mark, and entirely separated from fast land above high-water mark.

It is not necessary to consider the formal questions raised, as to the persons to whom the assessment was made, and the proceedings in making sale, for the fundamental error that these lands under tide-water were not liable to assessment for taxes, invalidates all the proceedings taken by the city to make sale of the lots of land in controversy. In *State*, v. *Jersey City*, 1 *Dutcher* 525–528, Justice Elmer said: "If the blocks and lots covered with water had been, in this case, valued and assessed entirely distinct from the upland, I should have felt constrained to hold that the assessment could not be supported." A narrow strip, five feet in width, above the ordinary high-water mark of the Hudson river, saved the assessment in that case.

*State, Bentley et al., pros.,* v. *Jersey City,* 1 *Dutcher* 530,

affirmed the tax on water lands because they were included within the boundaries of the grant from the state to Nathaniel Budd, in 1838, and the prosecutors had obtained a license to wharf out within certain limits. These cases were decided in June Term, 1856, the year in which this assessment was made, and have been since approved in other cases.

The former case is cited in *Stevens* v. *Paterson and Newark R. R. Co.*, 5 *Vroom* 532–546, where the title of the state to the lands in navigable water, within its territorial limits, lying below high-water line, is definitely settled.

The prosecutors, when they first learned that the lots had been sold, presented their petition, which was granted by the city; they have paid the taxes, interest, and costs required of them; they have always claimed possession, and have filled in and improved the land, at great expense. The purchaser at the tax sale, Michael Lienan, refused to receive from the city the amount paid by him for the declaration of sale, and his grantee, Henry A. Booraem, has been brought in under this writ of *certiorari*, to conclude him by the record.

This writ having been allowed to review the proceedings upon which the above-named declaration of sale is founded, on objections available in ejectment, delay in the prosecution is not a good cause for dismissal at the hearing. *Rev., p.* 1045, § 15; *State, Baxter, pros.*, v. *Jersey City*, 7 *Vroom* 188; *State, Evans, pros.*, v. *Jersey City*, 6 *Vroom* 381; *State, Graham, pros.*, v. *Paterson*, 8 *Vroom* 380.

The assessment is set aside, and all proceedings under it declared void.