ISAAC H. BLAUVELT ET AL. v. SARAH J. FULLER ET AL.

Submitted December 8, 1900—Decided February 25, 1901.

The service of a notice under the third section of the Mechanics' Lien law by a materialman upon the owner of a building after the completion of the building, and a final settlement of their accounts between the owner and contractor, will not entitle the materialman to recover from the owner the moneys claimed in the notice, when it appears that the only moneys, arising out of the building contract, which still remain in the hands of the owner, are held by him, pursuant to the terms of such final settlement, for the purpose of complying with the direction of a written order, served upon him by the contractor during the construction of the building, by which he was required to pay said moneys to a third person who had also furnished materials for said building.

This case comes before the court on an application to enter judgment on a special finding of facts contained in the *postea* sent up by the Hudson Circuit Court, where the case went for trial.

The finding of facts is as follows:

That the buildings mentioned in the plaintiffs' declaration were erected by the contractor in pursuance of the contract stated in the declaration, and that the same were completed on August 28th, 1899.

That, in addition to the contract price of $6,450, the contractor became entitled to a payment of $30 for extra work.

That the contract was duly executed between the defendants and the contractor, Harry J. Nicholas, and filed in the office of the county clerk of Hudson county before the erection of the buildings.

That the plaintiffs furnished materials used in the erection of the buildings to the amount of $927.84.

That on August 28th, 1899, the date of the completion of the buildings, there was paid by the owners to the contractor, together with prior payments which had been made, the sum of $5,950, leaving due on the contract price $500, beside $30 for extra work.

That the reason for the retention of this amount was that an order had been served upon the owners by John T. Lyman, of which the following is a copy:

"ARLINGTON, N. J., June 24th, 1899.
"*Mr. Edward A. Strong:*

DEAR SIR—I hereby authorize you to hold the sum of five hundred dollars from any moneys due me on account of Fuller houses and pay the same to Mr. John T. Lyman. You are to understand that this money is due for material furnished on the Fuller houses only.

"H. NICHOLAS."

That John T. Lyman had furnished material to the amount named in said order for the said buildings.

That Edward A. Strong was the architect in charge of the work.

That said order was served on June 24th, 1899, on the owners.

That on or about September 1st, 1899, the plaintiffs made demand upon the contractor for payment of their bill, which was refused, and on September 9th, 1899, the plaintiffs gave notice, in writing, of such demand and refusal to the owners and served a copy of the notice, being the copy attached to the declaration.

That no notice was served by either the owners or the contractor disputing the plaintiffs' claim.

That the correctness of the plaintiffs' claim is not now disputed by either the contractor of owners.

That all payments were made at the time specified in the contract and in accordance with the terms thereof.

That at the time of the final settlement of the accounts between the parties, on the 28th day of August, the sum of $500 was retained by the defendants with which to pay the Lyman order, and that that was the reason for the retention of that money.

Before DEPUE, CHIEF JUSTICE, and Justices DIXON, GUMMERE and COLLINS.

For the plaintiffs, *Skinner & Ten Eyck.*

For the defendants, *Michael M. Forrest.*

The opinion of the court was delivered by

GUMMERE, J. On the facts sent up in the *postea* the plaintiffs contend that they are entitled to have judgment entered in their favor for the sum of $530, by force of the third section of the Mechanics' Lien law. That section provides that whenever any contractor shall, upon demand, refuse to pay any person who shall have furnished materials used in the erection of any house, or other building, the money due him, it shall be the duty of such materialman to give notice, in writing, to the owner of such building of such refusal, and of the amount due to him and so demanded, and the owner of such building shall thereupon be authorized to retain the amount so due and claimed by any such materialman out of the

amount owing by him to such contractor for labor or materials used in the erection of such building, and, on being satisfied of the correctness of said demand, *shall pay* the same, and the receipt of such materialman for the same shall entitle such owner to an allowance therefor in the settlement of accounts between him and such contractor.

The right of the materialman to recover from the owner after the service of the stop notice depends, as will be seen from the words of the statute, upon whether he has in his hands, at the time of such service, or afterward, moneys owing by him to the contractor for labor or material used in the erection of the building. That the defendants in the present case had such moneys in their hands, to the extent of $30, when plaintiffs served their notice upon them, is one of the findings set out in the *postea,* and for that amount, at least, the plaintiffs are, plainly, entitled to judgment. The controversy in the case is over the sum of $500, retained by the defendants, upon their final settlement with Nicholas, the contractor, for the purpose of paying Lyman the moneys due him, and which the defendants were directed to pay by the order of June 24th, 1899.

By the service of their stop notice the plaintiffs took the place of the contractor, to the extent of their claim; they acquired no higher or other rights to the fund in question than the latter had. "The test is," as was said by this court, in *Reeve* v. *Elmendorf,* 9 *Vroom* 125, 130, "whether a suit will lie by the contractor against the owner. If it will not, the owner is not liable to a suit by the materialman." Applying this test it becomes plain that the plaintiffs cannot sustain their action, so far as the $500 fund is concerned. By the order of June 24th, supplemented by the action of the defendants and the contractor, upon the final settlement of their account on August 28th, the latter became divested of all right in or title to said fund, and the defendants thereafter held it subject to the call of Lyman. *Brill* v. *Tuttle,* 81 *N. Y.* 454.

On the facts found plaintiffs are entitled to judgment for the sum of $30.