10 N.J. Super. 171 (1950)
76 A.2d 823
TOWNSHIP OF TEANECK, A MUNICIPAL CORPORATION, PLAINTIFF-APPELLANT,
v.
DIVISION OF TAX APPEALS IN THE DEPARTMENT OF TAXATION AND FINANCE OF THE STATE OF NEW JERSEY, AND EDYTHE P. WHIPPLE, DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued November 20, 1950.
Decided November 29, 1950.
*172 Before Judges McGEEHAN, JAYNE and Wm. J. BRENNAN, JR.
Mr. Dominick F. Pachella argued the cause for appellant (Messrs. Pachella & Chary, attorneys).
Mr. Louis G. Morten argued the cause for respondent.
The opinion of the court was delivered by WM. J. BRENNAN, JR., J.A.D.
The assessor of the Township of Teaneck listed a property of over three acres with a nine-room dwelling house and garage thereon as exempt from taxation for the year 1948.
The property was deeded to the Township by Frderic Andreas and his wife by deed dated July 17, 1945. The conveyance was subject to several conditions. We are concerned on this appeal only with the first, which reads: "The said Frederic Andreas and Mabel Moore Andreas, his wife, or either, or the survivor of them, shall have the right to the *173 full, complete, and undisturbed possession, use, enjoyment and control of said land and premises so long as either may live, and without the obligation to pay any tax or taxes on said premises."
The Township enacted an ordinance on September 4, 1945, accepting the gift of the property "to be used for park purposes" "upon the termination of the life estate" when the property was to be known as the Maria W. Andreas Memorial Park and the dwelling to be immediately taken down and removed from the premises.
The former Court of Errors and Appeals in an opinion filed March 20, 1947, struck down the ordinance as an ultra vires agreement to grant tax exemption. Whipple v. Township of Teaneck, 135 N.J.L. 345 (E. & A. 1947).
On March 27, 1947, Mr. Andreas addressed a letter to the Township Council "as to how best to remove the objections that have been raised to the acceptance of my deed of July 17, 1945," and stating "it was decided" "that I should and hereby do agree to pay all the taxes levied against the property from January 1, 1946, until such time as our right to occupy and use the premises shall cease."
Doubtless this letter inspired the Township Council on April 1, 1947, to adopt a resolution reciting the Township "hereby accepts the deed of Frederic Andreas and Mabel Moore Andreas, his wife, convering the land and premises hereinafter described to the Township of Teaneck for use for park, playground, and other recreational purposes or activities, subject to the reservations, exceptions, conditions, and restrictions therein set forth, except the condition that Frederic Andreas and Mabel Moore Andreas, his wife, shall not be obligated to pay any tax or taxes on said premises during their life tenancy, which condition they have waived."
Respondent Whipple insists the resolution is ultra vires and void for the same reasons the former Court of Errors and Appeals held the ordinance to be invalid. Her counsel argues the letter signed only by Mr. Andreas does not in law amount to an abandonment by the grantors of the invalid tax exemption *174 condition and contends the Township for this reason acquired no title under the deed and thus was not the owner of the property on the assessment date.
We have no occasion to consider or decide the question of the Township's title, and do not understand the Court of Errors and Appeals passed on that question. If we assume, as did the assessor, that the Township became the owner upon the delivery of the deed, the property on the facts proved was nonetheless taxable for the year 1948.
The assessor listed the property as exempt on the 1948 assessing date, October 1, 1947, under R.S. 54:4-3.3, as amended P.L. 1944, c. 24, p. 63, § 1, exempting from taxation, among others, the property of taxing districts "used for public purposes."
Whipple filed an appeal with the Bergen County Board of Taxation which by judgment entered October 6, 1948, determined the property was not exempt but taxable. The Division of Tax Appeals in the Department of Taxation and Finance affirmed the County Board's determination, and this appeal is by the Township from the Division's judgment entered March 16, 1950.
The decisive question is whether the property was "used for public purposes" on the assessing date, within the meaning of R.S. 54:4-3.3.
It is very clear the property was not used for public purposes on the assessment date in the sense contemplated by the exemption statute. The Township stipulated at the hearing before the Division of Tax Appeals "the premises on that day were occupied by Mr. and Mrs. Andreas for dwelling purposes in accordance with the contents of the deed;" "they were residing there as they had theretofore;" "it was only used by them, occupied by them."
The case is controlled by Jamouneau v. Division of Tax Appeals, 2 N.J. 325 (1949), construing "used for public purposes" in the exemption statute to "* * * require a public use, in addition to public ownership, as a condition to exemption from taxation * * *."
*175 The lands cannot be said, on the facts proved, to be in "potential public use," that is, idle, and awaiting application to public purposes, as the Township contends, relying on Township of Teaneck v. State Board of Tax Appeals. 110 N.J.L. 28 (Sup. Ct. 1932); affirmed, 111 N.J.L. 242 (E. & A. 1933). The Township had no right to possession on October 1, 1947, and indeed, under the grant, could have none until the termination of the life estates. The situation in that respect does not differ from the leasehold arrangement considered in the Jamouneau case, except the date when the right of public use accrues is in this case uncertain. The intervening life estates, however, on October 1, 1947, constituted an obstacle to public user of equal force; it may with like effect be said as of the assessing date "* * * the die has been cast contrarily and the property is frankly, solely and absolutely in private use * * *." Jamouneau v. Division of Tax Appeals, supra, at p. 332.
Affirmed.