120 N.J. Super. 470 (1972)
295 A.2d 8
TOWN OF SECAUCUS, RESPONDENT-APPELLANT,
v.
DAMSIL, INC., PETITIONER-RESPONDENT, AND DIVISION OF TAX APPEALS, DEPARTMENT OF THE TREASURY, STATE OF NEW JERSEY, RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued April 18, 1972.
Reargued September 12, 1972.
Decided September 21, 1972.
*471 Before Judges LABRECQUE, KOLOVSKY and MATTHEWS.
Mr. Leo Rosenblum argued the cause for appellant.
*472 Mr. Joseph Gordon argued the cause for respondent Damsil, Inc. (Messrs. Gordon and Kanengiser, attorneys).
Mr. Joseph M. Clayton, Jr., Deputy Attorney General, appeared for Mr. George F. Kugler, Jr., Attorney General, who had filed a brief as amicus curiae (Mr. Morton I. Greenberg, Assistant Attorney General, on the brief).
The opinion of the court was delivered by KOLOVSKY, J.A.D.
The Town of Secaucus appeals from a judgment of the Division of Tax Appeals reducing the 1968 assessment of petitioner's property, Lots 1-2 in Block 66-D, from $92,000 to $35,500.
The property, consisting of approximately 2 1/2 acres, fronts 447.90 feet on State Highway 3 and extends from the Grace Street ramp to the Hackensack River. It had been transferred to petitioner, Damsil, Inc., by an affiliated corporation which had purchased it from the town at a public sale held on December 29, 1966.
The property was at that time advertised for sale and sold subject not only to "such a state of facts as an accurate survey may disclose [and] zoning and building restrictions, if any" but also subject to "tidelands or riparian rights which might be claimed by the State of New Jersey." The successful bid at the public sale, which "was well advertised and attended," was $35,500.
At the hearing before the Division the town's expert, relying on four comparative sales, expressed the opinion that the market value of the property as of October 1, 1967 was $90,400. He deemed the status of the title to be of no concern, stating that he did not know whether the State of New Jersey had an interest in the property or not.
Petitioner's expert acknowledged that if the property "were not subject to a so-called tideland claim by the State of New Jersey," the "assessment [$92,000] would be [a] quite accurate" statement of its value as of October 1, 1967. However, he was of the view that the cloud on the title could *473 not be disregarded, particularly because petitioner since its purchase of the property had been unsuccessful in its efforts to get a quitclaim deed from the State, and that the property should be assessed at what he deemed to be its market value, the $35,500 price paid at the public sale, concluding in his report, which was marked in evidence:
I am of the opinion that subject property was purchased in the Marketplace. That a cloud on the title did and still does exist. That title insurance will not, at this time, be written on subject property thus preventing the immediate improvement of this land. That, in fact, the only right that the present owners have is to hold the land, pay its taxes and hope that at some point in the future, clear title may be obtained allowing for the eventual improvement of the land.
Comparable land sales in the area have not been used in this report because of the unique nature of the title of subject land.
I am of the opinion that the present Market Value of subject property is not in excess of the Purchase Price of December 29, 1966, inasmuch as the limited right existed at the time of purchase and has not in any way changed for the better at this date. Therefore, it is my opinion that the present assessment of $92,000 should be reduced to the original Purchase Price of $35,500.
The Division found that "based upon comparative sales the property has a true value of $90,000" but that nevertheless the "bona fide armslength sale" of the premises for $35,500 should be deemed controlling, saying:
One of the best tests as to value is what a willing buyer would pay a willing seller for the land. In the instant case we have a clear cut sale that fits this test namely, the sale from the respondent for $35,500. It is also equally clear that if the premises were to be sold as of Oct. 1, 1967, the assessment date, that the owner could not have sold the property for a larger price.
I find the true value of the property to be $35,500.
The Division erred. While it is true, as it said, that "one of the best tests as to value is what a willing buyer would pay a willing seller for the land"  in the words of the governing statute, N.J.S.A. 54:4-23, the price the property "would sell for at a fair and bona fide sale by private contract" on the preceding October 1  what the statute refers to is the sales price of the land, including all *474 interests therein, not the sales price of the purported owner's title in a case where, as here, there is a cloud on that title.
As this court said in In re Appeal of Neptune Tp., 86 N.J. Super. 492 (App. Div. 1965):
The law requires an assessment of the value, not of the owner's title, but of the land; the assessed value represents the value of all interests in the land. Stack v. Hoboken, 45 N.J. Super. 294, 300 (App. Div. 1957). [at 499]
Here both sides concede that the "value of all interests in the land" is $90,000. The sale for $35,500 does not meet the stated test; it was a sale only of the owner's title, subject to such rights as the State might have.
The difference between $90,000, the conceded value if there were not a cloud on title, and the sales price of $35,500 undoubtedly represents the buyer's estimate of the cost to it of eliminating, either through purchase or litigation, the outstanding adverse claim to title. It is understandable that a purchaser will insist on a discount from the true value of property if he buys a doubtful title, but the fact that he does so affords no justification for applying a discount in a tax valuation case. Such sale at a discount is entitled to no evidential weight in ascertaining what "a willing buyer would pay a willing seller" for all interests in the land. Cf. Rek Investment Co. v. Newark, 80 N.J. Super. 552, 560 (App. Div. 1963).
Nor is it of any relevant significance that the sale was one subject to outstanding rights of the State rather than those of a private party. Petitioner does not contend that any part of the property is in fact owned by the State and hence exempt from taxation under N.J.S.A. 54:4-3.3. Cf. State, Winants, Pros. v. Jersey City, 42 N.J.L. 349 (Sup. Ct. 1880); State v. Jersey City, 25 N.J.L. 525 (Sup. Ct. 1856); State (Bear, Pros.) v. Camden, 48 A. 538 (Sup. *475 Ct. 1901); State, Morris Canal and Banking Co., Pros. v. Haight, Collector, 35 N.J.L. 178, 184 (Sup. Ct. 1871), aff'd 36 N.J.L. 471 (E. & A. 1873).
The issue of exemption from taxation was not presented by the petition filed and is not in this case. The sole issue presented is the value of the entire tract, all of which petitioner says it owns.
The Division should have fixed the assessment at the amount which it found to be the true value based upon comparable sales, $90,000.
The judgment is reversed and the cause remanded to the Division of Tax Appeals for entry of a judgment fixing the 1968 assessment of the property involved at $90,000.