138 N.J. Super. 442 (1976)
351 A.2d 377
CITY OF JERSEY CITY, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
JERSEY CITY PARKING AUTHORITY, A PUBLIC BODY POLITIC AND CORPORATE CONSTITUTING A POLITICAL SUBDIVISION OF THE STATE OF NEW JERSEY, CREATED BY ORDINANCE OF THE CITY OF JERSEY CITY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued October 21, 1975.
Decided January 19, 1976.
*443 Before Judges MATTHEWS, LORA and MORGAN.
Mr. John J. Sheehy argued the cause for appellant.
Mr. William J. Cleary, Jr., First Assistant Corporation Counsel, argued the cause for respondent (Mr. Dennis L. McGill, Corporation Counsel, attorney).
PER CURIAM.
Defendant Parking Authority appeals an adverse determination in an action for declaratory judgment which held that land leased by it from private owners and used solely for Parking Authority purposes was subject to taxation by plaintiff city.
The facts are not in dispute. Defendant Parking Authority leases four parking lots of substantial size within the city limits under leases which provide either for the owner to pay the real property taxes assessed by the city, with reimbursement therefor by the Authority, or for the Authority to pay directly any taxes assessed by the city on that property. In either case, the stipulated annual rental in addition to the taxes is $1.
The Law Division judge found that the properties in question were subject to taxation because they were in private ownership. He conceded that they were used for a public purpose but held that there must be a coalescence of both public ownership and public purpose in order to meet exemption status. See N.J.S.A. 54:4-3.3; Jamouneau v. Division of Tax Appeals, 2 N.J. 325, 332-333 (1949).
The Authority was created pursuant to the provisions of L. 1948, c. 198 (N.J.S.A. 40:11A-1 et seq.). Section 6 *444 of the act designates every parking authority created to be "a public body corporate and politic and a political subdivision of the state * * *."
Section 6(4) (c) empowers an authority,
"To acquire by * * * lease * * * and hold and use, and * * * or lease either in a capacity of lessor or lessee parking projects and any land, franchise, property, real, personal or mixed, tangible or intangible, or any interest therein, * * * which in the opinion of the authority are necessary or useful and convenient in connection therewith or with the promotion of free movement of traffic."
Section 3(k) defines "project" or "parking project" as meaning "any area or place, garage, building, or other improvement or structure for the parking or storage of motor or other vehicles including, without limiting the foregoing, all real and personal property, * * *."
Section 19, dealing with the subject of exemption from taxation, provides as follows:
Every parking project and all property of the parking authority are hereby declared to be public property of a political subdivision of the State and devoted to an essential public and governmental function and purpose and shall be exempt from all taxes and special assessments of the State or any subdivision thereof. * * *, and in lieu of taxes by political subdivisions upon the property of a parking authority, the authority which owns or holds such property may agree to make payments to a political subdivision for the services, improvements or facilities furnished by it for the benefit of a parking project. [Emphasis added]
We read the sections just cited as specifically providing for the exemption of property leased from a private owner by a parking authority if the property is used as a "parking project." The statute unquestionably makes the property leased by the Parking Authority public property so long as the lease endures and the property is used as part of a parking project. Of course, under the terms of the statute a parking project is a public use. Therefore, we find that the statutory language creates the coalescence of public ownership and public use, which is necessary under our law to *445 permit exemption from taxation. Compare Walter Reade, Inc. v. Dennis Tp., 36 N.J. 435 (1962).
The city argues that a parking project only embraces a leasehold  the interest of the State obtained under the lease  and not the fee which is retained by the private owner. We disagree. As we read § 19, we find no such limitation. That section specifically refers to property which the Authority holds as distinguished from that which it owns. We do not see any limitation in the language employed. If the Legislature intended that a municipality should have the right to tax the fee retained by a private owner when he leases property to an authority for parking project purposes, it did not provide for such power in the statute.
The judgment of the Law Division is reversed.