IRVING A. HIRSCHMAN AND IRENE HIRSCHMAN, PLAIN-
TIFFS, v. TOWNSHIP OF MILLBURN, DEFENDANT.

Tax Court of New Jersey

February 19, 1980.

*Irving A. Hirschman,* plaintiff *pro se.*

*Clapp & Eisenberg* for defendant (*Kenneth R. Stein,* appearing).

HOPKINS, J. T. C.

This is an appeal from the assessment of property known as 80 Winthrop Road in Millburn Township, designated as Block 192, Lot 1.

Plaintiffs' position is that they are not the owners of a portion of the property they occupy and, as such, the assessed valuation, as to them, should be reduced to so reflect their lack of ownership.

On November 13, 1958 there was filed with the County Clerk for Essex County a map designated "Map of Old Short Hills Road Estates," Millburn Township, Essex County, dated August 1, 1958, revised as of September 15, 1958 and October 15, 1958. This map, hereinafter called the Original Map, shows that Block 192, Lot 1, fronted on Winthrop Road in Millburn Township. The road, however, terminated in front of the lot, on the boundary line with West Orange.

The Original Map was revised by a map dated February 24, 1965 and filed on July 1, 1965. This subsequent map, hereinafter designated Revised Map, changed the configuration of Winthrop Road in the area of the subject property so that, instead of running in front of Lot 1, it terminated with a cul-de-sac immediately in front of Lot 2, the lot adjacent to and southwest of Lot 1. The Revised Map shows that, as a result of such abandonment of a portion of Winthrop Road, Lot 1 was enlarged by including therein the complete portion of the road on which it previously fronted, a portion of the abandoned road in front of Lot 2, as well as a small portion of the lots on the opposite side of Winthrop Road from Lots 1 and 2. Plaintiffs admit that they are the owners of that portion of the abandoned road immediately fronting on former Lot 1, to the middle line of the abandoned road. However, the balance of the accretion, through which it became necessary for former Lot 1 to have access to the cul-de-sac, constitutes that portion of present Lot 1 which plaintiffs claim they do not own.

A title search apparently obtained by plaintiffs prior to their acquisition of the subject property, an incomplete copy of which plaintiffs presented at trial, indicated a title problem. A memorandum prepared by their then attorney stated that the township did not have authority to unilaterally transfer to Block 192, Lot 1, that part of the abandoned section of Winthrop Road other than the portion immediately in front of former Lot 1, and that portion only extended to the middle of the road.

It should be noted that the Revised Map was in existence and filed prior to the plaintiffs' acquiring the deed to the subject property on August 8, 1967 and, further, that the deed of conveyance to plaintiffs described the property as being in accordance with said Revised Map.

Plaintiffs acknowledge that the deed to them so described their property. However, they are relying on the Statement of Closing which stated:

> Seller makes no title representation to premises other than as to Lot 1 in Block 192 on Map of Old Short Hills Road Estates, filed in Case No. 2406 [Original Map] and thing herein or elsewhere contained to the contrary notwithstanding, purchaser taking title "as is."

The tax map, as utilized by the assessor for defendant, describes Block 192, Lot 1, as being in conformity with the area and boundaries set out in the Revised Map.

Plaintiffs admit that if they had clear title to the property, the assessed valuation would be correct. However, they have failed to introduce any evidence as to the value of the property if a title problem could be considered in altering such assessed valuation. This, in and of itself, is fatal to their case.

In addition to the above, it should be noted that the provision in the Statement of Closing, on which plaintiffs rely, must be construed as precautionary language defining the extent of the seller's title representation. Plaintiffs still accepted the deed to property described as being in accordance with the Revised Map. Accordingly, upon the deed being recorded, plaintiffs became record owners of property as described in the Revised Map. *See Stack v. Hoboken*, 45 *N.J.Super.* 294, 300, 132 *A.2d* 314 (App.Div. 1957), wherein the court reiterated the principle that no assessment shall be considered invalid because listed or assessed in the name of one not the owner.

For property tax purposes it is well established that what is required by law is an assessment of the value of the property, not the value of the owner's title. *See Stack, supra; Secaucus v. Damsil, Inc.*, 120 *N.J.Super.* 470, 295 *A.2d* 8 (App.Div.) certif. den. 62 *N.J.* 90, 299 *A.2d* 88 (1972); *In re Appeal of Neptune Tp.*, 86 *N.J.Super.* 492, 207 *A.2d* 330 (App.Div.1965).

In *Damsil* the court stated:

. . . It is understandable that a purchaser will insist on a discount from the true value of property if he buys a doubtful title, but the fact that he does so affords no justification for applying a discount in a tax valuation case. . . . [120 *N.J.Super.* at 474, 295 *A.2d* at 10]

The property assessed was the property described in the Revised Map, and plaintiffs agree that such property, absent title problems, was properly valued.

Judgment will be entered in favor of defendant.