LASSER, P. J. T. C.
The Morris County Park Commission (taxpayer) seeks review of the action of the Morris County Board of Taxation denying tax exemption on real property located in the Township of Chester and known as Block 2, Lot 4-1 for the year 1978. The subject property consists of approximately 77 acres of vacant land used by taxpayer as a park and known as the Bamboo Brook Outdoor Education Center. On October 1, 1977, the assessing date for the 1978 tax year, the property was owned nine-tenths by Martha and Charles Norton and one-tenth by Morris County as tenants in common. In 1978 the property was assessed at $134,000.
Martha and Charles Norton, the owners of the property, entered into an agreement with the taxpayer in August 1972 under which they agreed to transfer and convey as gifts to the County of Morris all of the subject property “at such times and for such portions of the subject premises as [they] shall determine, in their sole and uncontrolled discretion.” On January 3, 1977 the Nortons conveyed an undivided one-tenth interest to Morris County and on January 3, 1978 conveyed an undivided one-tenth interest to Morris County. These conveyances are a part of the Nortons’ plan to convey a one-tenth interest each year. As part of the plan, mutual and reciprocal wills have been executed providing for the uncompleted portion of the gift to pass to Morris County upon their deaths. The agreement, an accompanying letter of intent and the two deeds provide that the property may be used only for public park purposes. The agreement of August 1972 spells out the conditions of the gift, which require that the property be used as a public park or garden for outdoor educational and cultural activities. The entire 77 acres are used as a public park and no part of the property is used by the Nortons for private purposes, their access being limited to that available to the public. Morris *428 County intends to hold title as tenant in common with the Nortons until the entire interest of the Nortons has been conveyed, presumably in 1986.
Morris County does not question the amount of the assessment, contending only that the property should be wholly exempt. The Morris County Park Commission, as agent of the owner Morris County, claims on behalf of Morris County that the property is exempt for the year 1978 based upon its public use. N.J.S.A., 54:4-3.3. The testimony of the Assistant Director of the Morris County Park System convinces the court that the entire 77 acres are indeed used for public purposes of an environmental, educational and horticultural nature. Special programs are conducted for children, senior citizens and those interested in nature, flora and fauna. The dedication of the property to outdoor educational and cultural activities is laudable; however, public use alone does not qualify real property for exemption under N.J.S.A. 54:4-3.3. The portion of the statute applicable to this case grants an exemption to “property of the. respective counties . . . used for public purposes. . . . ” “Property of” clearly means property wholly owned by the county.
Our courts have held that both public property ownership and public use are required for exemption under N.J.S.A. 54:4-3.3. Jamouneau v. Tax Appeals Division, 2 N.J. 325, 66 A.2d 534 (1949). In that case land owned by the City of Newark was leased to a private party which constructed an industrial building upon the land. The court determined that the building was owned by the tenant, not the City of Newark, and thus not entitled to exemption. The court further held that although the land was publicly owned, it was not publicly used and therefore neither the land nor the building was exempt. See Teaneck Tp. v. Tax Appeals Division, 10 N.J.Super. 171, 174, 76 A.2d 823 (App.Div.1950).
Taxpayer cites Jersey City v. Jersey City Parking Auth., 138 N.J.Super. 442, 351 A.2d 377 (App.Div.1976), aff'd 71 N.J. 492, 366 A.2d 648 (1976), as authority for exemption of privately owned property devoted to public use. In that case the Jersey *429 City Parking Authority leased vacant land for parking lot purposes. Tax exemption was granted to the parking authority based upon the specific grant of exemption to public parking projects. The Parking Authority Law provides that a parking authority may lease or otherwise hold or use property for parking project purposes, N.J.S.A. 40:llA-6(4)(c), and expressly grants tax exemption to such property. N.J.S.A. 40-.11A-19.
Taxpayer argues that Jersey City Parking Auth. represents the more current state of the law with respect to exemption of property used for public purposes and permits leased property to enjoy exemption if used for public purposes. Taxpayer seeks exemption under N.J.S.A. 54:4-3.3, not N.J.S.A. 40:11A-19. The latter statute is limited to public parking projects and grants exemption even without public ownership. N.J.S.A. 54:4-3.3 does not exempt privately owned property. The fact that Morris County may be authorized to hold property in less than complete ownership is not controlling because there is no grant of exemption in N.J.S.A. 54:4-3.3 for property not wholly owned by the public body. The court holds that Jersey City Parking Auth. and N.J.S.A. 40:11A 19 do not broaden the exemption contained in N.J.S.A. 54:4-3.3. Jamouneau v. Tax Appeals Division, 2 N.J. 325, 66 A.2d 534 (1949), continues to be the applicable law, and N.J.S.A. 54:4 3.3 continues to require both public ownership and public purpose for exemption entitlement.
The assessor is required under N.J.S.A. 54:4-23 to assess all real property to the owner of the property as of October 1 of the pretax year. There is no provision in the statutes for the apportionment of ownership interest between tenants in common. N.J.S.A. 54:4-3.12q, which provided for the taxing of divided interests, was repealed in 1963. The value of the entire tract is assessed, not the fractional interests of the Nortons or Morris County. See Secaucus v. Damsil, Inc., 120 N.J.Super. 470, 295 A.2d 8 (App.Div.1972), certif. den., 62 N.J. 90, 299 A.2d 88 (1972). Morris County is not entitled to an exemption on a partial interest. The municipal tax assessor correctly imposed *430 an assessment upon the value of the entire property without deducting for the interest of Morris County.
The Clerk of the Tax Court is directed to enter a judgment affirming the judgment of the Morris County Board of Taxation.