THE STATE, INHABITANTS OF THE TOWNSHIP OF DELAWARE, IN THE COUNTY OF CAMDEN, PROSECUTORS, v. BOARD OF ASSESSORS OF TAXES OF THE COUNTY OF CAMDEN.

Acquiescence and delay in objecting to the proportion or quota of tax to be levied and collected, fixed by the board of assessors of the several townships and wards of the county, and an increased assessment imposed, will be construed as a waiver, and *certiorari* refused.

. On rule to show cause.

Argued at November Term, 1890, before Justices VAN SYCKEL and SCUDDER.

For the prosecutors, *Philip S. Scovel.*

For the defendant, *Scovel & Harris.*

The opinion of the court was delivered by

SCUDDER, J.   This rule is directed to show cause why a writ of *certiorari* should not be issued to review the assessment of taxes for state, county and township purposes, and for other purposes, for the year 1889, made by the county board of assessors upon the township of Delaware, in the county of Camden.   The affidavits taken show informalities in the proceedings of the board, and a probable mistake in their judgment by increasing the taxable valuation of the real estate of the inhabitants of the township of Delaware, based on the idea that there must be, and was, in this case, a constant increase, rather than a diminution, in the value of lands which, although used mainly for farming purposes, have a greater advantage by their nearness to a large city, and availability for suburban improvements.   The assessor, estimating the lands as valuable only for farming purposes, had lowered the assessment, and the board, after discussion, consideration and comparison with the value of other property in the county, raised it $50,000.   This is sufficient to show that while the proceedings of the assessors may not have been formally in accordance with all of the requirements of the statute, they did not act arbitrarily without consideration and cause.

It is true that the board of assessors, in making the valuations and apportionment of state and county taxes under section 13 of the Tax law of 1866 (*Rev., p.* 1155), and the supplement of 1883 (*Pamph. L., p.* 192), act as a special statutory tribunal, and must observe the forms prescribed by the statute.

*Sea Island City* v. *Cape May*, 21 *Vroom* 50. But there may be such acquiescence and delay in moving to reduce an overestimate, that a waiver of objections will be presumed in favor of the public policy and necessity for a prompt and certain collection of taxes for public purposes. How long may the officers and inhabitants of a township wait before they make complaint and seek a remedy for an unreasonable and informal apportionment of assessment for taxes, conceding that they have just cause for objection?

The board of assessors met at the court house in July, 1889, and the resolution was then passed increasing in some places, and decreasing in others, the amount of the assessment. The assessor of the township of Delaware was present, took part in the discussion, and signed, with the other assessors, the abstracts designating the amount of real estate and personal property in each township and ward for the use of the county collector, and for filing and transmitting to the comptroller of the state. He delivered to the township collector a transcript or duplicate, certified by him to be a true duplicate. The state tax proportion was collected and paid. On October 25th, 1889, the sum of $9,642.06 was paid to the county collector, and the further sum of $80.66 on January 31st, 1890. The affidavits on which this rule to show cause was based were taken March 8th, 1890, and the rule entered March 14th, 1890.

This proceeding is taken after the township has collected the greater part of the taxes for 1889, when pressed by the county collector for payment of taxes assessed, and paid to the township officers for the use of the county. There has been such acquiescence and delay in this motion that the rule to show cause will be discharged, and the allowance of the writ of *certiorari* refused.