BOROUGH OF KENILWORTH, PLAINTIFF IN ERROR, v.
BOARD OF EQUALIZATION OF TAXES, DEFENDANTS
IN ERROR.

Argued June 30, 1909—Decided November 15, 1909.

A municipality which objects to the apportionment of taxes by the
county board upon the ground that the total of ratables as re-
turned by its assessor is excessive, must object promptly. The
apportionment will not be reviewed by the court where the munici-
pality waits until December 14th to make any objection.

On error to the Supreme Court.

For the plaintiff in error, *Franklin W. Fort (MacLear &
Fort).*

For the defendants in error, *William R. Codington (Cod-
ington & Swackhamer).*

The facts are stated by the Supreme Court, *ante* p. 302.

The opinion of the court was delivered by

SWAYZE, J. The difficulty we find in the claim of the
plaintiff in error is that it failed to object to the apportion-
ment of taxes by the county board of taxation before that
board. Fairness to the other municipalities in the county and
the orderly administration of the tax laws, require that a mu-
nicipality should object promptly if it questions the return of
ratables made by its own assessor. A change in the appor-
tionment cannot be made afterward without imposing loss
upon the county and perhaps throwing its financial admin-
istration into confusion. The attacks that have been made
upon the action of the county board of assessors (of which the
county board of taxation is the successor) have been based
upon irregularities in its procedure, not upon a charge of
excessive valuations by the local assessor. The tax acts of

1905 and 1906 provide no machinery by which the other municipalities of the county whose interests are necessarily affected by a change of the apportionment can be notified or heard. It would be quite intolerable to hold that the apportionment of state and county taxes among the municipalities is subject to change whenever the amount of ratables is altered by successful appeals of individual taxpayers. Probably it happens every year in nearly every municipality in the state that some such reductions are made. If the apportionment to the municipalities were thereby made liable to change, a final assessment would never be possible in time to permit the collection of the tax by the day fixed by law. Frequent as such changes must have been, this is the first instance of an attempt to have the apportionment altered when based on the return of the local assessor. The impracticability of the attempt has no doubt been foreseen. In such cases, either the municipality or the state and county must suffer loss, and it is more reasonable to impose the burden upon the municipality whose officer has made the error; allowance for the result of possible errors of the kind should be made in making up the municipal budget, for which contingency, among others, the statute authorizes the addition of ten per cent. to the amount appropriated for state, county, school district or local purposes. *Pamph. L.* 1903, *p.* 410, § 25; *Pamph. L.* 1906, *p.* 215, § 6.

The argument is, of course, not so strong in favor of the apportionment as far as it is the result of including exempt property in the total amount of ratables. This, however, was a mere oversight, and would have been corrected at once by the county board if their attention had been called to it. The failure of the borough to act until December 14th, when the time for payment of taxes had nearly expired, amounts to a waiver.

Our views are supported by an opinion of the Supreme Court in *Township of Delaware* v. *Assessors of Taxes,* 24 *Vroom* 319.

The judgment is affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GAR-
RISON, SWAYZE, PARKER, BERGEN, VOORHEES, BOGERT, VRE-
DENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 13.

*For reversal*—None.