### ACQUACKANONK WATER COMPANY v. PASSAIC COUNTY BOARD OF TAXATION ET AL.

Submitted July 1, 1915—Decided February 3, 1916.

A taxpayer filed with a county board of taxation a petition alleging an undervaluation of certain property, the petition being filed more than a year after the assessment of the property was made. The board increased the assessment, notwithstanding a rule of the board requiring all complaints as to assessments should be filed by December 20th following the assessment. *Held,* that this rule having been adopted under the power vested in the board by the ninth section of the act of 1906 (*Pamph. L.,* p. 216), the lapse of time in filing the petition invalidated the revised assessment.

On *certiorari.*

Before Justices PARKER, MINTURN and KALISCH.

For the prosecutor, *Humphreys & Sumner.*

For the defendants, *William B. Gourley.*

The opinion of the court was delivered by

MINTURN, J.  The writ brings up for review the assessment for the tax of 1913, upon the property of the prosecutor in the township of Acquackanonk, in the county of Passaic.

More than a year after the payment of the taxes of 1913, and about December 16th, 1914, the assessment for the latter year disclosed the fact that the property in question had been undervalued for the year 1913.  Upon the petition of one John H. Adamson, a taxpayer in the district, alleging that fact, the Passaic County Board of Taxation raised the valuation from $118,140 as it stood in 1913, to the sum of $249,776, making an addition to the assessment of $131,636.  The petition was filed pursuant to section 28 of the Tax act of 1903 (*Pamph. L.,* p. 412), and the increase was made after two days' notice of hearing served upon the prosecutor.

The increase was ordered by the board on December 19th, 1914. The annual meeting of the board was on August 5th, 1913, in accordance with the statutory requirement.

The twelfth rule of the county board of taxation requires that all complaints as to assessments of property for taxes shall be filed with the board "on or before the 20th day of December, following the assessment complained of." This rule was established by the board in pursuance of the power contained in the ninth section of the act of 1906, creating county boards of taxation in each county of the state.

This act expressly repealed by its fourteenth section, all prior inconsistent legislation upon the subject of procedure in tax adjustments and made a radical change in the methods of imposing assessments and of reviewing such assessments.

Its provisions must be accepted, therefore, as the present requirement of the law upon this subject.

The ninth section of the act provides that "appeals may be made at any time prior to the 20th day of December of the year in which such taxes are assessed and levied."

It appears in the case *sub judice,* that the appeal by the taxpayer was not filed for more than a year after the taxes for the year 1913 had been paid.

The policy of the state following the maxim, *interest reipublicæ ut sit finis litium,* requires the settlement of tax controversies within a reasonable time, so that the assets of the dependent interlocking political divisions of city, county and state, with their financial requirements, shall be finally and harmoniously adjusted. *Kenilworth* v. *Board of Equalization,* 78 *N. J. L.* 302, 304.

This policy is expressly indicated in the requirements of the act of 1906, as well as in the rule of the county board adopted thereunder, and the obvious failure of the petitioner in this instance to comply with it must result in setting aside the assessment in question.