BOROUGH OF PARAMUS, A MUNICIPAL CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT, v. DOMINICK R. CAPELLO, TREASURER OF THE COUNTY OF BERGEN; BENJAMIN GREEN, SAMUEL P. BARTOLETTA, ROBERT J. INGLIMA, ARTHUR MINUSKIN AND BERNARD STRACHER, MEMBERS OF THE BERGEN COUNTY BOARD OF TAXATION; WILLIAM J. CORGAN, FRANK A. BUNNO, EUGENE FRANCIS, HENRY HOEBEL, MRS. DORIS MAHALICK, WILLIAM D. McDOWELL, JAMES F. McGUIRE, FRANK PERROTTA, JR. AND BENJAMIN WALENCZYK, MEMBERS OF THE BOARD OF CHOSEN FREEHOLDERS OF THE COUNTY OF BERGEN, DEFENDANTS-RESPONDENTS, AND THE TOWNSHIP OF SOUTH HACKENSACK AND THE BOROUGH OF HASBROUCK HEIGHTS AND THE BOROUGH OF FAIR LAWN AND THE BOROUGH OF CLIFFSIDE PARK, MUNICIPAL CORPORATIONS IN THE COUNTY OF BERGEN, BOROUGH OF HO-HO-KUS, TOWNSHIP OF TEANECK, BOROUGH OF NORTH ARLINGTON, BOROUGH OF WALDWICK, VILLAGE OF RIDGEWOOD, BOROUGHS OF NORWOOD AND WALLINGTON, INTERVENORS-DEFENDANTS-RESPONDENTS.

Argued September 10, 1974—Decided October 22, 1974.

*Mr. Gary S. Stein* argued the cause for appellant.

*Mr. Michael E. Goldman,* Deputy Attorney General, argued the cause for the State of New Jersey (*Mr. William F. Hyland,* Attorney General of New Jersey, attorney).

*Mr. Jacob Schneider* argued the cause for intervenor-respondent Township of Teaneck.

*Mr. Frank J. Cuccio* argued the cause for respondents Dominick R. Capello and the Board of Chosen Freeholders of the County of Bergen.

*Mr. Ralph W. Chandless* argued the cause for intervenor-respondents Township of South Hackensack and Borough of Hasbrouck Heights (*Messrs. Chandless, Weller & Kramer,* attorneys).

*Mr. Joseph C. Zisa* argued the cause for intervenor-respondent City of Hackensack.

PER CURIAM. Plaintiff Borough of Paramus seeks a rebate or credit from Bergen County of a sum equal to three-fourths of the county tax rate applied to the entire amount of ratables in the borough subject to taxation for the years 1967 and 1968. The claim is made under *N. J. S. A.* 54:4-5 which in pertinent part[1] and prior to February 21, 1969 provided as follows:

* * * A taxing district in a county of the first class having less than eight hundred thousand population in which there has been located a State or county institution other than a park commission or lands owned or occupied by a park commission occupying in excess of two hundred acres of land, in the aggregate, shall have remitted or rebated by the county treasurer a sum equal to three-fourths of the county tax rate applied to the entire amount of ratables remaining subject to taxation. As amended L. 1952, c. 295, p. 996, § 1.

Paramus contends that it is entitled to relief under the statute because there was located within its borders during 1967 and 1968 more than 200 acres of land in the aggregate occupied by State and county institutions other than lands owned or occupied by a park commission.

The Division of Tax Appeals, while it allowed plaintiff-Borough to aggregate the acreage of the separate State and county holdings within the borough, held that Paramus had failed to establish that there were more than 200 acres *occupied* by a State or county institution since large sections of the 185-acre "Bergen Pines Complex" owned by Bergen County were presently unused. In effect the Division found that such sections were not occupied within the meaning of the statute. The Division also held that a seven acre State-owned tract used for a highway maintenance garage and motor vehicle station, was not occupied by an "institution" under the statute..

The Appellate Division affirmed in an unreported opinion, finding "substantial evidence to support the determination

---

[1] Prior to the 1970 Census, the population of Bergen County was less than 800,000.

of the Division." This Court granted certification. 65 *N. J.* 274 (1974).

Several Bergen County municipalities have intervened in the cause to oppose Paramus' contention that it is entitled to a rebate or credit for the years 1967 and 1968 which, under the statute, would amount to three-fourths of its share of county taxes. Dollarwise the claimed rebate or credit is $866,617.32 for 1967 and $1,012,036.28 for 1968.

Numerous contentions have been presented that the statute is unconstitutional, that it is special legislation and that it is arbitrary in its application. It is also argued that *L.* 1968, *c.* 467, which eliminated the provision for remission or rebate to municipalities in counties having a population of less than 800,000, was intended to have retroactive effect and bars plaintiff's present claim.

The concept of giving some kind of tax relief to municipalities which accommodate substantial areas of State and county-owned tax exempt lands and institutions within their borders is worthwhile and has been given legislative recognition in several areas. Some classification is, of course, required. However, the relief given should not only be generally applicable, but it should bear some relationship to the burden sustained.

Prior to February 21, 1969, *N. J. S. A.* 54:4–5 applied to any county of the first class and afforded tax relief to a municipality in such county which satisfied the requirements of the statute. By *L.* 1968, *c.* 467, the statute was amended to restrict its application to a county of the first class having in excess of 800,000 population. Under this amendment Essex County was the only county as to which the statute was operative. However, by virtue of the 1970 Census, Bergen County, with a population in excess of 800,000, also comes under the amended statute.

We agree that under *N. J. S. A.* 54:4–5 Paramus was entitled to aggregate the acreage of the separate State and county holdings within its borders. We also agree that the term "occupying" as used in the statute means something

more than mere ownership of the land and connotes actual governmental use. We are satisfied that the findings of the Division of Tax Appeals that large sections of the 185-acre Bergen Pines Complex are presently unused is supported by the record. The judgment is affirmed on this basis. We find it unnecessary to consider and decide the issues of constitutionality, arbitrariness and retroactivity which have substantial implications beyond the confines of this case.

Affirmed.

*For affirmance* — Chief Justice HUGHES and Justices JACOBS, HALL, MOUNTAIN, SULLIVAN, PASHMAN and CLIFFORD—7.

*For reversal*—None.