79 N.J. 302 (1979)
399 A.2d 616
COUNTY OF BERGEN, A BODY POLITIC AND CORPORATE OF THE STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
BOROUGH OF PARAMUS AND PRESTON J. O'TOOLE, ERRONEOUSLY DESIGNATED AS PETER O'TOOLE, TAX COLLECTOR/TREASURER OF THE BOROUGH OF PARAMUS, DEFENDANTS-RESPONDENTS.
The Supreme Court of New Jersey.
Argued November 28, 1978.
Decided March 12, 1979.
*304 Mr. Vincent P. Rigolosi, County Counsel, argued the cause for appellant (Mr. Rigolosi, attorney; Mr. Dennis O'Leary, Assistant County Counsel, on the brief).
Mr. Joseph S. DiMaria argued the cause for respondents.
The opinion of the court was delivered by SCHREIBER, J.
This real property tax case concerns the assessment and taxation by a municipality of county-owned property located within the taxing district. The issue arose when plaintiff Bergen County filed a complaint in lieu of prerogative writ alleging that it was the owner of certain land in the Borough of Paramus designated on the Borough's tax map as Lot 1X, Block 6401 and Lot 2X, Block 6404. Plaintiff asserted that the properties were utilized for public purposes and therefore exempt from taxation by the Borough, and that the Borough had denied the exemption and notified the County that the land was to be sold for non-payment of taxes. The County sought an adjudication that the land was tax exempt and a restraint against any tax sale.
The trial court issued an ex parte restraint and ordered the Borough to show cause why the relief sought should not be granted. The Borough's answer admitted that plaintiff owned the land and that its tax collector had notified plaintiff of its intention to advertise the sale of the land for non-payment of taxes, but denied the property was tax exempt. As a separate defense the Borough claimed that the County was not utilizing the property for public purposes and that the Supreme Court in Borough of Paramus v. Capello, 66 N.J. 1 (1974), had held the Borough was not entitled to a tax rebate under N.J.S.A. 54:4-5 because the County had not been using the property in question.
No testimony was taken or other evidence offered on the return day. During the argument counsel apparently agreed that the land was owned by the County, that the lots were vacant and separate from the Bergen Pines Hospital complex, that plaintiff had no plans "to do anything" with the land *305 and that the property at some indefinite point in time in the future had a potential public use. The trial judge found that the property was being held for potential public use and was therefore exempt from municipal taxes. He viewed the key issue to be whether Borough of Paramus v. Capello, supra, gave rise to either res judicata or collateral estoppel. Reasoning that to impose realty taxes on vacant county land would prevent long term planning and would not be in the public interest, he entered an order permanently enjoining defendant from assessing the land or advertising a tax sale.
The Appellate Division reversed. 158 N.J. Super. 512 (1978). Noting that a tax exemption was not available unless the land was used for public purposes or there was a present intent for public use, the Appellate Division referred to the findings in Borough of Paramus v. Capello that "these very same lands" were unused when the Borough sought a tax rebate from Bergen County under N.J.S.A. 54:4-5. The court reasoned that the tax exempt and tax rebate statutes are in pari materia, that the denial of the rebate implies that the land was not exempt from taxation and that the criteria "occupy" and "use" respectively employed in N.J.S.A. 54:4-5 and N.J.S.A. 54:4-3.3 are identical.
We granted plaintiff's petition for certification. 77 N.J. 502 (1978).
Neither party has raised the issue of the appropriateness of commencing the proceedings in the Superior Court. Resolution of that question may well have aborted this judicial action. N.J.S.A. 54:3-21 provides that an aggrieved taxpayer may file a petition of appeal from a municipal tax assessment with the county board of taxation. A taxpayer who claims an exemption from an assessment falls within the category of an aggrieved taxpayer. As such, an appeal asserting that an exemption has been wrongfully denied should be filed with the county board of taxation. See Boys' Club of Clifton, Inc. v. Tp. of Jefferson, 72 N.J. 389, 405 (1977); N.J. Turnpike Auth. v. Tp. of Washington, 16 N.J. 38, 41 (1954). This procedure, concordant *306 with principles of exhausting administrative remedies, should have been followed here. See City of East Orange v. Tp. of Livingston, 102 N.J. Super. 512, 519-520 (Law Div. 1968), aff'd 54 N.J. 96 (1969); Roadway Express, Inc. v. Kingsley, 37 N.J. 136, 139-141 (1962). Though we envisage no reason why that was not done in this case, we shall address the substantive questions, since the matter is of public importance.
The heart of the issue concerns an interpretation of N.J.S.A. 54:4-3.3 which states that "property of the respective counties * * * used for public purposes * * * and property acquired by any municipality through tax title foreclosure or by deed in lieu of foreclosure, if not used for private purpose, shall be exempt from taxation under this chapter * * *." (The chapter referred to is N.J.S.A. 54:4-1 et seq. which provides for taxation of real property.)
In construing the statutory exemption language, the trial court was influenced by its belief that taxing the property was not in the public interest. However, it is not our function to decide the wisdom of this legislation. Our responsibility is to ascertain the legislative intent. See City of Newark v. Essex County Bd. of Taxation, 54 N.J. 171, 193-194 (1969). The statutory language "used for public purposes" clearly contemplates that something more than ownership must be established. The word "used" connotes employment or application to an end. The Legislature was careful to expressly include in the exempt status properties acquired through tax foreclosure, since after acquisition municipalities in general simply hold title to the land. Therefore, in the absence of that express inclusion, property so acquired, which was not used for a public purpose, would not have been entitled to an exempt status. This confirms that the statute requires the property to be devoted to some public purpose.
The legislative history affords no clues which might lead to a different connotation. Until 1903 properties owned by counties were exempt from municipal taxation. L. 1866, c. *307 487, § 5, at 1079; L. 1894, c. 233, § 1, at 354. A public use condition precedent to exemption first appeared in L. 1903, c. 208, § 3(2), which contained the language "when used for public purposes." The public use requirement has remained throughout the numerous amendments and general tax revisions. See, for example, the 1918 revision (L. 1918, c. 236, § 203(2)). Our case law is supportive of the interpretation that in addition to public ownership there must be public use. Jamouneau v. Div. of Tax Appeals, 2 N.J. 325, 332-333 (1949); Martin v. Borough of Collingswood, 36 N.J. 447, 449-450 (1962); City of Newark v. Essex County Bd. of Taxation, 155 N.J. Super. 586, 589 (App. Div. 1978). See also Borough of Moonachie v. Port of N.Y. Auth., 38 N.J. 414 (1962) (interpreting comparable language in the Air Terminal Act, N.J.S.A. 32:1-35.5, in the same manner); Jersey City v. Jersey City Parking Auth., 138 N.J. Super. 442 (App. Div.), aff'd p.c.o.b. 71 N.J. 492 (1976) (construing municipal parking authority statute, N.J.S.A. 40:11A-1 et seq., in like fashion). For a definition of public use see City of Newark v. Essex County Bd. of Taxation, supra, 54 N.J. at 187.
The trial court impliedly bottomed its conclusion on the possibility that at some indefinite point of time in the future the land might be used for a public purpose, that is, as the court put it, the land had a "potential public use." Under that broad test, almost all property would be entitled to the exemption. The trial court was led to this result because it mistakenly relied upon the phrase "potential public use" which first appeared in Jamouneau v. Div. of Tax Appeals, supra, 2 N.J. at 332. In using that language, Jamouneau referred to Tp. of Teaneck v. State Bd. of Tax Appeals, 110 N.J.L. 28 (Sup. Ct.), aff'd p.c.o.b. 111 N.J.L. 242 (E. & A. 1933). A reading of the Teaneck opinion discloses that the court's decision to grant Bergen County an exemption from taxation of land owned in Teaneck did not turn upon whether the land was or was not used for public purposes. The case does not stand for the proposition that land idle and *308 indefinitely awaiting application for some nebulous public purpose is entitled to tax exemption. Moreover, Mr. Justice (then Judge) W.J. Brennan, Jr., in Tp. of Teaneck v. Div. of Tax Appeals, 10 N.J. Super. 171, 175 (App. Div. 1950), explained that the phrase "potential public use" meant "idle, and awaiting application to public purposes" within a definitive period. In that case, he held that a property deeded to the Township for public park purposes, subject to a life estate in the grantor, was taxable because it was not in public use and because the date when the public use would occur was uncertain.
To interpret the word "use" to mean only actual use would be unrealistic, for a period of time will undoubtedly run between acquisition and placing the property in use. Some lead time will be involved due to readying the land and constructing whatever type of structures may be needed. Between these extremes is what we conceive to be the legislative intent  namely, a present intent to devote the property to a public use within a reasonable length of time. Compare the more demanding test suggested in City of Perth Amboy v. Barker, 74 N.J.L. 127, 128-129 (Sup. Ct. 1906).
A similar result was reached in N.J. Turnpike Auth. v. Tp. of Washington, 16 N.J. 38 (1954), wherein this Court construed an exemption under the Turnpike Authority Act applicable to property "used" by the Authority to land actually used or "held with the present design to devote it within a reasonable length of time to such use * * *." Id. at 45. A comparable approach has been adopted in public utility rate-making in which it is generally held that before property may be included in the rate base, its need must be reasonably imminent. See E. Clemens, Economics and Public Utilities 164 (1950); G. Turner, Trends and Topics in Utility Regulation 794-801 (1969).
Much of the argument before the trial court was devoted to a discussion of Borough of Paramus v. Capello, supra. In that case the Borough of Paramus sought a rebate from Bergen County equal to three-fourths of the county tax *309 rate applied to all the ratables in the Borough subject to taxation for the years 1967 and 1968. The claim was predicated on N.J.S.A. 54:4-5 which provided that if state or county institutions occupied in excess of two hundred acres of land in a taxing district located in a county having a population under 800,000, the county treasurer would be required to remit a sum to the taxing authority equal to three-fourths of the county tax rate applied to all the ratables remaining subject to taxation.[1] Paramus had sought the rebate because of the existence of the Bergen Pines Hospital complex. Since part of the land was not occupied, the exemption was disallowed because "occupying" as used in the statute was held to mean something more than mere ownership.
We agree with the Appellate Division that N.J.S.A. 54:4-5 and N.J.S.A. 54:4-3.3 should be read together. The rebate provision is a limited counterpart of the tax exemption. It is a method which the Legislature created to compensate some municipalities for revenues they would have otherwise received if the property had not been exempt from taxation, a condition which arose by virtue of public ownership and use. However, although the legal principle is sound, its factual applicability to the property in question cannot be determined on this record. The trial record does not disclose whether Lot 1X, Block 6401 and Lot 2X, Block 6404 are the identical unoccupied lands referred to in Capello. Furthermore, Capello involved the situation in 1967 and 1968, whereas the tax assessment involved here was for the year 1975.[2] The record is barren on whether the condition of the land has remained the same throughout these years.
*310 Before us the County has urged that the property in question is and has been in actual use as a buffer zone for the Bergen Pines County Hospital and was therefore being used for a public purpose. Land may properly serve as a buffer zone. Cf. Borough of Moonachie v. Port of N.Y. Auth., supra, 38 N.J. at 417, 428 (land adjacent to airport tax exempt where used as noise buffer in addition to being held for future extensions of runways). If so, it may perhaps be deemed to be used for a purpose associated with the use of the adjacent property. Unfortunately, no record has been made here describing the nature, extent, location and other relevant factors in this respect.
In view of all the circumstances and since public bodies and public funds are involved, we are of the opinion that the matter should be remanded to the Division of Tax Appeals for a plenary hearing concerning the County's claim for a tax exemption for the lots in question for the year 1975. The County will be deemed to have filed nunc pro tunc an appeal for that year. See Boys' Club of Clifton, Inc. v. Tp. of Jefferson, supra, 72 N.J. at 405; cf. Patrolman's Benev. Ass'n v. Town of Montclair, 70 N.J. 130, 136 (1976) (transferring dispute to PERC despite passage of six-month filing deadline). The burden of proof, of course, will be upon the County. Jamouneau v. Div. of Tax Appeals, supra, 2 N.J. at 330.
The judgment of the Appellate Division is vacated and the matter remanded with directions to enter an order transferring the matter to the Division of Tax Appeals.
For vacation and remandment  Chief Justice HUGHES and Justices MOUNTAIN, SULLIVAN, PASHMAN, CLIFFORD, SCHREIBER and HANDLER  7.
For affirmance  None.
NOTES
[1] The rebate applied only to taxing districts in counties of the first class. The statute was amended, effective February 21, 1969 to apply only to counties having populations in excess of 800,000.
[2] The record is even nebulous in this respect. No tax bills or other relevant material were offered into evidence. The County's appendix on appeal contains numerous documents, none of which was offered into evidence. This is a clear violation of R. 2:5-4 and the appellate courts should not consider evidential material not contained in the record. See Ambassador Insurance Co. v. Montes, 76 N.J. 477. 481-482 (1978); Public Interest Research Group v. State, 152 N.J. Super. 191, 204 (App. Div. 1977). Cf. R. 2:5-5, which provides for supplementation or correction of the record below.