BOROUGH OF PARAMUS, PLAINTIFF, v. COUNTY OF
BERGEN, DEFENDANT.

Tax Court of New Jersey

June 12, 1980.

*Andora, Palmisano, DeCotiis & Harris* for Boroughs of Closter, Cresskill, Demarest and Little Ferry (*Anthony D. Andora* appearing).

*Schneider, Schneider & Balt* for the Borough of Alpine and the Township of Teaneck (*Peter D. Ciancia,* appearing).

*Harry Z. Haushalter,* Deputy Atty. Gen. appearing for the Bergen County Board of Taxation.

*John Langan, Jr.,* Asst. County Counsel, appearing for the County of Bergen.

*Winne, Dooley & Bole* for Allendale and Teterboro (*James J. Dooley* appearing).

*Joseph S. DiMaria* appearing for the Borough of Paramus.

HOPKINS, J. T. C.

The plaintiff, the Borough of Paramus, filed petitions with the Division of Tax Appeals for the taxable years 1969 through 1978, inclusive, appealing judgments of the Bergen County Board of Taxation which denied applications for a rebate of county taxes under *N.J.S.A.* 54:4–5. The petitions have been transferred to this court pursuant to *N.J.S.A.* 2A:3A–26.

A motion has been filed seeking dismissal of the subject action on the grounds that the petitions filed with the Division of Tax Appeals were not timely filed, pursuant to *N.J.S.A.* 54:2–35, within 30 days of the adoption by the Bergen County Board of Taxation of the Table of Aggregates for the taxable years involved.

*N.J.S.A.* 54:4–5 provides for the remission or rebate to a taxing district of a portion of county taxes under certain circumstances. It reads as follows:

"A taxing district in a county of the first class having in excess of 800,000 population in which there has been located a state or county institution other than a park commission or lands owned or occupied by a park commission

occupying more than 200 acres and not in excess of 400 acres of land, in the aggregate, shall have remitted or rebated by the county treasurer a sum equal to 1/2 of the county tax rate applied to the entire amount of ratables remaining subject to taxation. A taxing district in such a county of the first class in which there has been located a state or county institution other than a park commission or lands owned or occupied by a park commission occupying in excess of 400 acres of land, in the aggregate, shall have remitted or rebated by the county treasurer a sum equal to 3/4 of the county tax rate applied to the entire amount of ratables remaining subject to taxation."

In order to fully analyze the factual background of the subject proceeding, it is necessary to commence with the original filing by the plaintiff of a complaint in lieu of prerogative writ in the Superior Court, Law Division, on February 20, 1969, to have a claim for rebate under *N.J.S.A.* 54:4–5 allowed for the taxable years 1967 and 1968. In that action, the defendants took the position, *inter alia*, that the plaintiff had failed to exhaust its administrative remedies with respect to the claim and, accordingly, such action should be dismissed. In a detailed opinion, Judge O'Brien reviewed the history of the jurisdiction of the County Board of Taxation and concluded that the plaintiff should have pursued its claim before the County Board of Taxation. Not having done so, the action was dismissed. On appeal, the Appellate Division, in an opinion decided June 11, 1970, stated that it was in accord with the views expressed by the trial judge that (1) plaintiff improperly filed its claim under *N.J.S.A.* 54:4–5 with the County Treasurer; (2) plaintiff's administrative remedy was before the County Board of Taxation; and (3) plaintiff's prerogative writ suit was premature, since it had not exhausted its administrative remedies and the facts did not warrant the Court's assuming direct jurisdiction. However, without passing upon the legal or constitutional issues presented, the judgment was modified to reinstate the plaintiff's complaint and transfer the entire record to the County Board of Taxation, pursuant to *R.* 1:13–4, to be proceeded with as though originally filed with it. It further directed the County Board to consider all proofs presented by the parties in the Superior Court hearing and to permit the parties to supplement their proofs and present argument. The disposition of the plaintiff's claim was to be heard and disposed of with all reasonable speed

so that the important public issues presented could be expeditiously concluded. Certification was denied. 57 *N.J.* 135 (1970).

Subsequently, the Bergen County Board of Taxation denied the application for rebate, and an appeal was taken to the Division of Tax Appeals. In an opinion by the Division of Tax Appeals, the rebate was again denied. In the opinion by the Division, there is stated that "the argument by the respondent [defendant herein] that the appellant is out of time will be disregarded by this Court in view of the action taken by the Superior Court." There is no indication that, when the plaintiff appealed the adverse decision of the Division of Tax Appeals to the Appellate Division, the defendants again raised the issue of timely filing. Accordingly, this point was not passed upon in either the unreported Appellate Division opinion or the Supreme Court in *Borough of Paramus v. Capello,* 66 *N.J.* 1, 326 *A.*2d 685 (1974).

It was within the context of Judge O'Brien's opinion in the original action based on the complaint in lieu of prerogative writ, the Appellate Division's modification of that opinion, and the subsequent opinions of the Division of Tax Appeals, the Appellate Division and the Supreme Court, that the applications filed with the Bergen County Board of Taxation with respect to the taxable years 1969 through 1978 must be reviewed.

The following schedule shows the dates on which the Bergen County Board of Taxation adopted the Table of Aggregates; the dates on which plaintiff filed petitions with the Bergen County Board of Taxation requesting a rebate pursuant to *N.J.S.A.* 54:4–5; the dates on which the Bergen County Board of Taxation entered judgments denying such claims; and the dates on which the plaintiff filed petitions with the Division of Tax Appeals:

| Taxable Year | Date of Adoption of Table of Aggregates | County Board Filing Date | County Board Judgment Entered | Division of Tax Appeals Filing Date |
|---|---|---|---|---|
| 1969 | 5/ 1/69 | 1/ 2/75 | 6/20/77 | 7/14/77 |
| 1970 | 4/21/70 | 1/ 2/75 | 6/20/77 | 7/14/77 |
| 1971 | 4/30/71 | 1/ 2/75 | 6/20/77 | 7/14/77 |
| 1972 | 4/27/72 | 1/ 2/75 | 6/20/77 | 7/14/77 |
| 1973 | 4/30/73 | 1/ 2/75 | 6/20/77 | 7/14/77 |
| 1974 | 5/ 1/74 | 1/ 2/75 | 6/20/77 | 7/14/77 |
| 1975 | 5/ 1/75 | 12/16/76 | 4/12/78 | * 7/14/77 & 4/28/78 |
| 1976 | 6/ 2/76 | 12/16/76 | 4/12/78 | * 7/14/77 & 4/28/78 |
| 1977 | 5/23/77 | 2/17/78 | 4/12/78 | 4/28/78 |
| 1978 | 5/24/78 | 2/17/78 | 4/12/78 | 4/28/78 |

* Appeals to the Division of Tax Appeals for 1975 & 1976 were duplicated.

▓▓▓▓ County boards are required to annually adopt a Table of Aggregates as the mechanism for determining the amount of taxes to be raised by local property tax by each taxing district within the county. During the years involved, the table was to be completed by April 10 of each tax year. *N.J.S.A.* 54:4–49 *et seq.* This table concludes the county board's administrative function and establishes, among other things, the amount of local taxes that must be raised in order to pay for the county budget. See *N.J.S.A.* 54:4–52. Each affected taxing district is required to fund its share of the county budget based on its equalized true value of property assessments as compared to the aggregate true value of property assessments of all taxing districts in the county.

Defendant argues that the county board, pursuant to *N.J.S.A.* 54:4–48 and 54:4–49(a) and (c), was required to provide for any rebate or remittance to the plaintiff in the Table of Aggregates for the tax year involved. Not having done so, the defendant argues that plaintiff should have appealed such omission to the Division of Tax Appeals pursuant to *N.J.S.A.* 54:2–35 which, when read in conjunction with the rules of the Division of Tax

Appeals, permitted 30 days to effect such appeal. As plaintiff did not comply with the aforesaid requirement, at least with respect to all years except 1978, defendant's position is that the petitions as to those years should be dismissed. As to the taxable year 1978, plaintiff filed an application with the county board on February 17, 1978. The county board denied the application by judgment entered April 12, 1978. The petition to the Division of Tax Appeals was filed on April 28, 1978, which was prior to the adoption of the Table of Aggregates on May 24, 1978. Defendant contends that the petition to the Division of Tax Appeals was premature and, therefore, void.

Rather than review this matter as a failure to file a timely appeal from the Table of Aggregates, it should be considered in the context of a failure to file a timely application with the Bergen County Board of Taxation.

█ *N.J.S.A.* 54:4–5, as a statute which permits a remission or rebate under certain circumstances, must be reviewed annually to determine whether the taxing district qualifies. The use or utility of the State or County owned land can change.

It is recognized that there was pending in the courts the issue of whether the plaintiff was entitled to the benefits of *N.J.S.A.* 54:4–5 for the years 1967 and 1968 and that this was not ultimately decided until October 22, 1974. The plaintiff, however, did not file applications for the years 1969 through 1974 with the County Board until January 2, 1975. Actually, as to all years except 1976 and 1978, the applications were filed in a later year. The 1976 application was filed in December 1976.

It has long been the policy of this State to require the orderly and expeditious pursuit of the statutory and legal remedies for the correction, revision or reduction of tax assessments in order that the adjustments of the municipalities in their relationship to each other and to their taxpayers, as well as for budgetary purposes, may be made final at as early a date as possible. See *Township of Delaware v. Assessors of Taxes,* 53 *N.J.L.* 319, 21 *A.* 938 (Sup.Ct.1891); *Kenilworth v. Board of Equal. of Taxes,* 78 *N.J.L.* 439, 74 *A.* 480 (E. & A. 1909); *Montclair v. State Board of*

*Tax Appeals,* 127 *N.J.L.* 382, 389, 22 *A.2d* 525 (Sup.Ct.1941), aff'd o. b., 128 *N.J.L.* 319, 24 *A.2d* 849 (E. & A. 1942). See also, *Suburban Department Stores v. East Orange,* 47 *N.J.Super.* 472, 482, 136 *A.2d* 280 (App.Div.1957).

In *Montclair v. State Board of Tax Appeals, supra,* the Court stated:

". . . It is the policy of the state that the settlement of tax controversies be effected within a reasonable time so that the assets of the dependent interlocking political divisions of city, county and state, with their financial requirements, shall be finally and harmoniously adjusted. *Acquackanonk Water Co. v. Passaic County Board of Taxation,* 88 *N.J.L.* 555 [96 *A.* 481]. On the need for prompt action by a municipality, where other government units are concerned, in seeking relief from faulty valuation in the ratables, compare *Kenilworth v. Board of Equalization of Taxes,* 78 [*N.J.L.*] *Id.* 439 [74 *A.* 480]. It is true that the decision just cited was rendered before chapter 57, *Pamph. L.* 1910, source of present *R.S.* 54:4–49 was enacted; but the reasoning for prompt action, reflected in the statute, still holds. In *Township of Delaware v. Assessors of Taxes,* 53 *N.J.L.* 319 [21 *A.* 938] it was said: 'There may be such acquiescence and delay in moving to reduce an overestimate, that a waiver of objections will be presumed in favor of the public policy and necessity for a prompt and certain collection of taxes for public purposes. How long may the officers and inhabitants of a township wait before they make complaint and seek a remedy for an unreasonable and informal apportionment of assessment for taxes, conceding that they have just cause for objection?' . . . ."

Plaintiff's claims, if allowed, will have a corresponding impact on the property owners in the other taxing districts of Bergen County. They are entitled to a timely claim. If a valid claim is not taken into consideration and implemented in the taxable year for which it is made, then different taxpayers may ultimately bear the burden if it is filed and allowed in a subsequent year.

The clearly defined policy of the State requires a municipality claiming the benefit of *N.J.S.A.* 54:4–5 to present its claim to the county board in sufficient time to permit that board to implement a decision, if necessary, in the Table of Aggregates for such year. Not having done so, the petitions for the years 1969 to 1977 will be dismissed.

With respect to the taxable year 1978, defendant's motion is predicated on the fact that the plaintiff's appeal to the Division of Tax Appeals was premature in that the Table of Aggregates

was adopted by the County Board on May 24, 1978, while the appeal to the Division of Tax Appeals was filed on April 27, 1978. It should be noted that the appeal was from an adverse County Board judgment entered on April 12, 1978, and that the appeal was 16 days subsequent to that judgment. Defendant's position is that the adoption of the Table of Aggregates was the act by which the denial of the rebate application was finalized. As such, defendant's position must be that the judgment issued on April 12, 1978, was a nullity.

In support of its position, defendant cites *The Borough of Woodstown v. Township of Lower Alloways Creek*, 124 *N.J.Super.* 347, 307 *A.2d* 107 (App.Div.1973) *certif. den.*, 64 *N.J.* 154, 313 *A.2d* 214 (1973). Defendant's reliance on that case is misplaced. In that case the County Board, in reacting to an objection to the preliminary equalization table promulgated by it, increased the aggregate assessed values of a taxing district predicated upon raising the value of certain land owned by a utility company. Upon doing so, it notified the utility company by a letter dated March 22, 1971. There was no appeal taken on the adoption of the revised Table of Aggregates. However, prior to August 15, 1971, petitions were filed with the County Board seeking to increase the assessed value of the aforesaid utility property. The County Board entered a judgment increasing the assessments. The petitioners were not satisfied with the increase and appealed to the Division of Tax Appeals. At the hearing before the Division of Tax Appeals, the taxpayer moved to dismiss the appeal on the ground that the County Board action with respect to the Table of Aggregates was an "assessment"; that such action was appealable to the Division under *N.J.S.A.* 54:2–35; since no appeal had been taken within the required 30 day period, the "assessment" was *res judicata* and, therefore, immune to attack when the petitioners filed their appeal to the County Board pursuant to *N.J.S.A.* 54:3–21; petitioners were collaterally estopped by their failure to appeal from the action of the county board on March 22, 1971; and the subsequent judgment of that board, which increased the assessment, was a nullity. The motion was granted in the Division of Tax Appeals and an appeal taken to the Appellate Division.

In reversing, the court held that the statutory provisions providing for the assessments were not followed in the action of the county board in revising the Table of Aggregates. See *N.J.S.A.* 54:4–35, 46, 47, and 55. Said sections provide for the submission of the assessor's assessment list and his duplicate to the county board of taxation by January 10 of the assessment year; that the assessment is not complete until the county board certifies the assessor's duplicate to the tax collector; and that such certification is done on or before May 1, after the county board has met to examine, revise and correct the list. That time schedule permitted an appeal of the county board action, pursuant to *N.J.S.A.* 54:3–21, by an aggrieved party.

It is clear from the above analysis that the finalization of an assessment must be in accordance with specific provisions of the statutes. That is far removed from the conclusion that the inclusion or exclusion of a remission or a rebate in the Table of Aggregates is the only action from which an appeal relative thereto could have been taken to the Division of Tax Appeals. In the *Woodstown* case, the Court specifically pointed out the statutory scheme permitting appeals from county board judgments to the Division of Tax Appeals where the appeal was with respect to assessments. That appeal would be pursuant to *N.J.S.A.* 54:2–39, which permitted an appeal on or before December 15th following the date fixed for the final decision by the county boards, rather than *N.J.S.A.* 54:2–35, which required an appeal within 30 days of the adverse action or determination.

In the subject case, the history shows that lack of specificity as to the procedure to be followed in order to have a determination made as to the propriety of the granting of the remission or rebate. Indeed, it was only after a very thorough discussion of the matter in Judge O'Brien's opinion, as affirmed by the Appellate Division, that a county board was deemed to be the proper tribunal to make the initial determination as to whether Paramus could qualify pursuant to *N.J.S.A.* 54:4–5. In this context, it can hardly be stated that the statutory scheme clearly detailed that the adoption of the Table of Aggregates

was the only action by which a county board could formally signify its decision with respect to any rebate or remission. Actually, the exclusion or inclusion in the Table of Aggregates would be the implementation of the decision rather than the decision itself. The judgment entered on April 12, 1978, was an adverse action on which an appeal could properly be based. *N.J.S.A.* 54:2–35. This is not to say, however, that, absent a judgment, an affected party could not appeal the inclusion or exclusion of the remission or rebate in the Table of Aggregates. See *R.* 8:2.

The petitions with respect to the taxable years 1969 through 1977 are dismissed as the applications for the benefits of *N.J.S.A.* 54:4–5 were untimely filed with the County Board. The defendant's motion with respect to the taxable year 1978 is denied.

Judgments will be entered pursuant to *R.* 4:42–1.