PER CURIAM.
Plaintiffs appeal from the dismissal of their tax appeal by the Tax Court judge based upon the judge’s finding that the taxpayer had not overcome the presumption of correctness of the assessment. We affirm.
Plaintiffs’ property (Block 588, Lot 29.09) was assessed at $178,700 for the tax year 1994 by defendant Township of Hamilton. Plaintiffs appealed this assessment to the Atlantic County Board of Taxation whereby plaintiffs received a reduction in their assessment to $154,500. Plaintiffs sought a further reduction by appealing the County Board’s decision to the Tax Court of New Jersey.
In the Tax Court proceeding, although plaintiffs claimed that the County Board of Taxation’s judgment was incorrect, the only evidence that they offered were other assessments in the surrounding neighborhood and one alleged comparable sale for $160,-000 on their block in or about January 1994. Plaintiffs contended that this sale provided the basis for the court to reduce their assessment to $85,000. Although plaintiffs claimed that the house involved in this comparable sale had more living space, one more bedroom than the subject property and no alleged water damage (as plaintiffs claimed their property did), plaintiffs did not provide any information to the court concerning adjustments to the comparable property in order to compare it properly with the subject property. This sale was the only potentially relevant evidence presented.
After plaintiffs’ testimony, defendant moved to dismiss plaintiffs’ case on the basis that plaintiffs did not overcome the presumption of correctness of the County Board of Taxation’s judgment. Judge Marvin Rimm granted defendant’s motion, concluding that plaintiffs did not establish true value or fair market *226 value of the subject property and therefore did not overcome the presumption of correctness of the County Board’s judgment.
On appeal, plaintiffs argue discrimination under N.J.S.A. 54:51A-6 and that the market value of their property is only $85,000. This is an arbitrary figure set by plaintiffs unrelated to any competent evidence. Judge Rimm correctly concluded that plaintiffs’ appeal must be dismissed because plaintiffs did not present competent, admissible evidence to overcome the presumption of correctness of the County Board’s judgment. Plaintiffs have presented numerous facts on appeal, most of which are not in the record. We have disregarded any facts not in the record. R. 2:5-4; County of Bergen v. Borough of Paramus, 79 N.J. 302, 309, 310, fn. 2, 399 A.2d 616 (1979).
In reviewing a decision by the Tax Court, we must give substantial deference to the Tax Court judge’s decision. “The judges presiding in the Tax Court have special expertise; for that reason their findings will not be disturbed unless they are plainly arbitrary or there is a lack of substantial evidence to support them.” Glenpointe Associates v. Township of Teaneck, 241 N.J.Super. 37, 46, 574 A.2d 459 (App.Div.), certif. denied, 122 N.J. 391, 585 A.2d 392 (1990). Our scope of review is not a de novo review, but rather “is limited to determining whether the findings of fact are supported by substantial credible evidence with due regard to the Tax Court’s expertise and ability to judge credibility.” Southbridge Park, Inc. v. Borough of Fort Lee, 201 N.J.Super. 91, 94, 492 A.2d 1026 (App.Div.1985).
On appeal to the County Board of Taxation, “the municipality’s original tax assessment is entitled to a presumption of validity.” Pantasote Co. v. City of Passaic, 100 N.J. 408, 412, 495 A.2d 1308 (1985). “On further appeal to the Tax Court, similar presumption attaches to the county board judgment.” Rodwood Gardens, Inc. v. Summit, 188 N.J.Super. 34, 38, 455 A.2d 1136 (App.Div.1982). The burden is then on the challenging taxpayer to rebut this presumption by presenting cogent evidence. Pantasote Co., supra, 100 N.J. at 413, 495 A.2d 1308; see also Aetna *227 Life Insurance Co. v. City of Newark, 10 N.J. 99,105, 89 A.2d 385 (1952).
The Tax Court has no duty to allow a taxpayer’s appeal to proceed unless this presumption is properly overcome. “[O]nly when the presumption is overcome does it become incumbent upon the Tax Court to appraise the testimony, make a determination of true value and fix the assessment.” Rodwood Gardens, Inc., supra, 188 N.J.Super. at 38, 455 A.2d 1136. In the case at bar, plaintiffs’ only potentially competent evidence was one alleged comparable sale, which sold for $5,500 more than the $154,500 that the County Board decided was the true value of the subject property. The comparable nature of the property was questionable as no adjustments for evident differences were made.
“Evidence of comparable sales is effective in determining value only where there is substantial similarity between the properties to admit of reasonable comparison.” Glenpointe Associates, supra, 241 N.J.Super. at 48, 574 A.2d 459. Because no two properties are exactly alike, comparable properties must be analyzed and adjustments must be made “which recognize and explain the differences and ... [which] relat[e] the two properties to each other in a meaningful way so that an estimate of value can be determined.” Id. at 49, 574 A.2d 459.
The Tax Court correctly concluded that the one comparable sale presented by plaintiffs was not “sufficient competent evidence” to overcome the presumption of correctness of the County Board’s judgment. We must give deference to the Tax Court’s decision and our review is limited to a determination of whether the Tax Court came to its decision in an arbitrary fashion and whether its findings of fact are supported by substantial credible evidence. See generally Glenpointe Associates, supra; Southbridge Park, Inc., supra. Given the lack of competent evidence presented, Judge Rimm’s decision was not arbitrary, but rather was supported by substantial credible evidence in the record.
*228 II.
Plaintiffs also seek relief pursuant to N.J.S.A. 54:51A-6, commonly known as the Chapter 128 ratio. Plaintiffs claim that their property is assessed over 15% above the municipality’s “common level range.” The Tax Court correctly refused to address the issue concerning discrimination by applying Chapter 123 because the evidence presented by plaintiffs failed to establish the true value of the subject property.
It is fundamental that when the taxpayer does not present competent evidence as to the true value of the subject property, an appellate court cannot consider relief under N.J.S.A. 54:51A-6. Rodwood Gardens, Inc., supra, 188 N.J.Super. at 43, 455 A.2d 1136; see also Frieman v. Randolph Township, 216 N.J.Super. 507, 511, 524 A.2d 453 (App.Div.1987) (“Plaintiff ... is barred from relief under N.J.S.A. 54:51A-6 because it offered no proof, and no finding was separately made, of the true value of its property.”), appeal dismissed, 110 N.J. 294, 540 A.2d 1276 (1988).
Because of the lack of competent evidence submitted to the Tax Court as to the true value of the subject property, the Tax Court correctly refused to address the issue of discrimination under N.J.S.A. 54:51A-6.
Affirmed.