**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5634-18T1

VALERIE SHEDLOCK AND
JUDITH SOLAN, CO-EXECUTORS
OF THE ESTATE OF ANTHONY
CALLEO,

      Plaintiffs-Respondents,

v.

DIRECTOR, DIVISION OF
TAXATION,

      Defendant-Appellant.

_____

Argued telephonically August 10, 2020 –
Decided August 26, 2020

Before Judges Whipple and Enright.

On appeal from the Tax Court of New Jersey, Docket No. 8644-2018, whose opinion is reported at 31 N.J. Tax 175 (Tax 2019).

Miles Eckardt, Deputy Attorney General argued the cause for appellant (Gurbir S. Grewal, Attorney General, attorney; Melissa H. Raksa, Assistant Attorney General, of counsel; Miles Eckardt, on the briefs).

Stephen L. Klein argued the cause for respondents.

PER CURIAM

Eighty-seven-year-old Anthony Calleo (decedent) deeded his two-family Lodi home (property) to his nieces, Valerie Shedlock and Judith Solan (heirs), for less than $100 on July 24, 2013. The deed included no provisions giving decedent any right, title, interest, control, or power over the property. On the same date, decedent executed a will devising his entire estate to the heirs. After the transfer of the property by deed, decedent continued to live on the property and collect rent from a tenant, which he deposited into a joint savings account he shared with Shedlock. The account was used to pay maintenance expenses on the property. Decedent paid the taxes on the property, and he reported maintenance expenses and the rental income from the tenant on his 2015 federal income tax return.

Decedent died on August 29, 2016, more than three years after the July 2013 transfer of his property to the heirs by deed. The heirs filed a New Jersey inheritance tax return for decedent's estate but did not include the property. The Division of Taxation (Taxation) audited the inheritance tax return and issued a notice of assessment on May 7, 2018, that included the property, which was valued at $425,000 on the date of decedent's death. The heirs paid the taxes and

A-5634-18T1

interest due under the notice of assessment to Taxation, but then filed a complaint in the Tax Court seeking a refund and costs of suit. Cross-motions for summary judgment were filed, and on May 20, 2019, the Tax Court entered an order invalidating the notice of assessment and refunding the taxes and interest paid. The Tax Court's order was based on its conclusion, set forth in its published opinion Shedlock v. Director, Division of Taxation, 31 N.J. Tax 175 (Tax 2019), that the transfer of the property was not made in contemplation of death, nor was it intended to take effect at or after death under N.J.S.A. 54:34-l(c)[1] and N.J.S.A. 54:34-1.1.[2] The Tax Court also denied Taxation's motion for reconsideration.[3] Taxation filed this appeal.

---

[1] N.J.S.A. 54:34-1(c) provides that transfers of real property by deed without adequate valuable consideration within three years prior to the death of the grantor are taxable as if made in contemplation of the death of the grantor, but "no such transfer made prior to such three-year period shall be deemed or held to have been made in contemplation of death."

[2] N.J.S.A. 54:34-1.1 provides that where a property is transferred by deed "wherein the transferor is entitled to some income, right, interest or power," it "shall not be deemed a transfer intended to take effect at or after transferor's death if the transferor, more than [three] years prior to death, shall have executed an irrevocable and complete disposition of all reserved income, rights, interests and powers in and over the property transferred."

[3] With its order denying Taxation's motion for reconsideration, the Tax Court also issued a corrected opinion on July 16, 2019, that corrected the court's analysis of N.J.A.C. 18:26-5.8(b), but which did not impact the outcome of the matter.

A-5634-18T1

On appeal, Taxation argues decedent did not completely and irrevocably divest his interest in the property at the time the deed was signed and filed, and that rather, the transfer was intended to take effect at the transferor's death and was subject to the transfer inheritance tax. Taxation argues the Tax Court's decision misconstrued the statutory requirement that transfers intended to take effect at or after death are subject to the inheritance tax. Taxation asserts the transfer of the property by deed on July 24, 2013, had the effect of a transfer at death because decedent remained in possession of the property and continued to receive rental income from the property.

We disagree and affirm for the reasons expressed in the cogent written decision of Tax Court Judge Vito Bianco and add the following comments.

We recognize that "judges presiding in the Tax Court have special expertise; for that reason their findings will not be disturbed unless they are plainly arbitrary or there is a lack of substantial evidence to support them." Hackensack City v. Bergen Cty., 405 N.J. Super. 235, 243 (App. Div. 2009) (quoting Alpine Country Club v. Borough of Demarest, 354 N.J. Super. 387, 390 (App. Div. 2002)). "Our scope of review in a case such as this 'is limited to determining whether the findings of fact are supported by substantial credible evidence with due regard to the Tax Court's expertise and ability to judge

4

credibility.'" First Republic Corp. of Am. v. E. Newark Borough, 17 N.J. Tax 531, 536 (App. Div. 1998) (quoting Phillips v. Twp. of Hamilton, 15 N.J. Tax 222, 226 (App. Div. 1995)).

While we defer to the Tax Court's findings of fact, we review its legal decisions de novo. N.J. Tpk. Auth. v. Twp. of Monroe, 30 N.J. Tax 313, 318 (App. Div. 2017). "The meaning of a tax statute must be discerned according to the general rules of statutory construction." Presbyterian Home at Pennington, Inc. v. Borough of Pennington, 409 N.J. Super. 166, 180 (App. Div. 2009) (citing Oberhand v. Dir., Div. of Taxation, 193 N.J. 558, 568 (2008)). The court examines the statute's plain language and, if the language is clear, interprets the statute consistent with its plain meaning. Ibid. But, if the language is unclear, the court must review the legislative history to determine the legislative intent. Ibid.

After reviewing the plain language of N.J.S.A. 54:34-1(c) and N.J.S.A. 54:34-1.1, as well as the legislative purpose and history of each and relevant case law, Judge Bianco explained:

> It is undisputed by the very terms of the deed of transfer that [d]ecedent retained no interest, right to possession or income in, of, and from the [p]roperty. There is no statement in the deed of transfer that establishes [d]ecedent's exclusive right to receive rental income from the tenant or to remain in the [p]roperty until his

death. At all times, the [h]eirs had full control over, and the right to the rental income. Decedent only had a right to use the funds in the joint bank account. Decedent merely handled the fund[s] in the joint bank account to maintain the [p]roperty. It is undisputed that the [h]eirs allowed [d]ecedent to handle the fund[s] of the joint bank account because [d]ecedent did not use the rental income for the benefit of himself, but rather, he used the income for the benefit of the [p]roperty, which was owned by the [h]eirs.

[Taxation] further relies on the Tax Court's decision in Estate of Riper v. Dir., Div. of Taxation, 31 N.J. Tax 1 (Tax 2017) to argue that [d]ecedent retained a de facto life estate in the [p]roperty. This court, however, finds Estate of Riper factually distinguishable. In Estate of Riper, "the express purpose of the trust was 'to provide a residence' for 'the lifetime' of the transferors." Id. at [5]. Also, in Estate of Riper the trustee was required to use the proceeds of the sale of the property to provide shelter and housing for the transferors. Ibid. n.1. Therefore, clear and convincing evidence was presented that the transferors retained an interest in the property. Here, by contrast, [d]ecedent did not have any interest in the [p]roperty. The court could not find any statement entrusting a life estate or any interest to [d]ecedent in the deed. Therefore, the court concludes that all of [d]ecedent's right and interest in the [p]roperty was transferred on July 24, 2013.

Our State's Supreme Court in In re Estate of Lingle, 72 N.J. 87 (1976) concluded that three factors must usually exist in the inter vivos transactions to determine that the transfer was intended to take effect at or after death:

A-5634-18T1

(1) the grantor or settlor must transfer some property, or interest therein, while retaining for his lifetime some or all of the economic benefits therefrom; (2) there must be a consequent postponement of enjoyment on the part of the grantee, promisee or other beneficiary; and (3) both the grantor's retention and the grantee's postponement of enjoyment must be for a period determinable by reference to the grantor's death.

[Id. at 95.]

Immediately after the above statement, the Court rephrased the above factors and concluded that:

Conversely, lifetime transfers will be held not to come within the "at or after death" clause where (1) the retention of benefits by the grantor is not determined by reference to the duration of his life; (2) the grantor has completely divested himself of his entire interest in the transferred property; or (3) there was full and adequate consideration for the property transferred.

[Ibid. (emphasis added) [(citations omitted)].]

[Taxation] argues that the transfer by [d]ecedent meets the factors in Lingle as [d]ecedent received rental income and the [h]eirs postponed enjoyment of the [p]roperty until the death of the [d]ecedent. [Taxation]'s argument fails, however, because [d]ecedent only received the rental income and remained in the [p]roperty at the discretion of the [h]eirs; the transfer of the [p]roperty was complete and

[d]ecedent's title was conveyed without any reference to a right to receive rental income or retain a life estate. Accordingly, the court finds that "the grantor has completely divested himself of his entire interest in the transferred property," ibid., and therefore has met one of the three elements delineated by the Court in In re Estate of Lingle. The [p]roperty should therefore, not be included in [d]ecedent's estate for inheritance tax purposes.

Based upon our review of the record, we are persuaded that Judge Bianco's findings and conclusions were amply supported by credible evidence and a correct interpretation of the statutory principles.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5634-18T1