762 A.2d 1073 (2000)
335 N.J. Super. 523
Giovanni FERNICOLA, Petitioner-Appellant,
v.
BOARD OF REVIEW, Respondent-Respondent, and
GFV Inc. t/a La Rosa Ristorante, Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted November 28, 2000.
Decided December 20, 2000.
Giovanni Fernicola, appellant pro se.
John J. Farmer, Jr., Attorney General, for respondent Board of Review (Ellen A. Reichart, Deputy Attorney General, of counsel and on the brief).
Before Judges PRESSLER, KESTIN and ALLEY.
The opinion of this court was delivered by ALLEY, J.A.D.
Petitioner, Giovanni Fernicola, appeals from a final decision of the Board of Review of the New Jersey Department of Labor, which affirmed the Appeal Tribunal's decision denying his claim for unemployment benefits. A focal point of the case is the definition of "unemployed" in N.J.S.A. 43:21-19(m)(1)(A), which in relevant part includes this language:
... except that ... an officer of a corporation, or a person who has more than a 5% equitable or debt interest in the corporation, whose claim for benefits is based on wages with that corporation shall not be deemed to be unemployed in any week during the individual's term of office or ownership in the corporation....
In Nota v. Board of Review, 231 N.J.Super. 341, 343-44, 555 A.2d 710 (App.Div. 1989), we wrote,
The exception is meant to prevent a claimant from receiving benefits for being unemployed at a time when, as an officer or more than 5% owner or creditor *1074 of his former corporate employer, he is in a position to influence its decision to rehire him. He is not in that position if he is no longer an officer, owner or creditor of the corporation or if the corporation has permanently ceased doing business.
The claimant in Nota was denied benefits because the corporation had not been dissolved. At the time, there was no regulation supporting that interpretation, however, and the court stated, 231 N.J.Super. at 347-48, 555 A.2d 710,
Here, without benefit of a regulation, the Board as a matter of policy engrafted onto the statutory exception a requirement that a corporation must be dissolved before it can be considered to have permanently ceased doing business.
Although dissolution of a corporation is certain proof that it has permanently ceased doing business, it is not unusual for owners of a corporation that has permanently ceased doing business simply to abandon it, as was done here, in order to avoid the expense of formal dissolution. In the absence of a regulation to the contrary, a claimant who was an officer or a more than 5% owner or creditor of a corporation that was his last employer, and who otherwise qualifies, is "unemployed" as defined by N.J.S.A. 43:21-19(m)(1) if the corporation had permanently ceased doing business before the period for which he claims benefits, even though the corporation has not been dissolved. (Footnotes omitted).
The Department of Labor then promulgated N.J.A.C. 12:17-12.1(a), which provides:
(a) An officer of a corporation and/or a person who has more than five percent equitable or debt interest in the corporation, whose claim for benefits is based on wages with that corporation, shall not be considered unemployed in any week during the individual's term of office or ownership in the corporation and the claim shall be determined invalid.
1. An equitable interest in the corporation is defined as the ownership of the corporate stock.
2. A debt interest in the corporation is defined as being a creditor of the corporation.
3. A corporation is considered viable unless it has been dissolved in accordance with the New Jersey Business Corporation Act, N.J.S.A. 14A:1-1 et seq.; or has filed for bankruptcy under Chapter 7 of the United States Bankruptcy Code.
The operative regulation, N.J.A.C. 12:17-12.1(a), which was adopted after the decision in Nota, supra, plainly seems consonant with the statutory purpose as explained in Nota. The regulation neither contradicts the statutory language, nor does it go beyond it. As a result, the position of petitioner here is completely different than the position of the prevailing claimant in Nota.
Specifically, petitioner, Giovanni Fernicola, was not only employed by La Rosa Ristorante but was its corporate treasurer and a 25% shareholder of the business. Although the restaurant had ceased operating, the corporate owner remained active for the collection of debts and retained its liquor license. The corporation has not been dissolved and has not filed a Chapter 7 petition, and thus on the face of the applicable regulation, N.J.A.C. 12:17-12.1(a), and its implementation of the statute, petitioner is precluded from benefits because he is not "unemployed."
Accordingly, petitioner is ineligible for benefits. There may be instances in which a claimant might argue that there has been substantial compliance with these provisions, because the corporation has completely ceased business and has formally commenced corporate dissolution proceedings which have not been completed. Those facts are not before us in this case, however, and thus we need not *1075 now address the issue of whether or not such claims would be barred by the statute and N.J.A.C. 12:17-12.1(a).
The determination appealed from is affirmed.