770 A.2d 1273 (2001)
339 N.J. Super. 118
Lawrence RUDBART, Petitioner-Appellant,
v.
BOARD OF REVIEW, Respondent-Respondent, and
New York Sash & Door Co., Inc., Respondent.
Superior Court of New Jersey, Appellate Division.
Argued March 14, 2001.
Decided April 16, 2001.
*1274 Arnold G. Shurkin, Passaic, argued the cause for appellant.
Pamela Gellert argued the cause for respondent Board of Review (John J. Farmer, Jr., Attorney General, attorney; Michael J. Haas, Assistant Attorney General, of counsel; Pamela E. Schneider, Deputy Attorney General, on the brief).
Before Judges KEEFE,[1] STEINBERG and WEISSBARD.
The opinion of the court was delivered by STEINBERG, J.A.D.
Petitioner Lawrence Rudbart appeals a decision of the Board of Review which affirmed the decision of the Appeal Tribunal denying him unemployment compensation benefits. We reverse.
*1275 Petitioner was employed as a salesman for New York Sash & Door Co., Inc. (the Employer). In addition, he held twenty-five percent of its stock. The employer had operated its business on leased property. The landlord decided to sell the property, and in September 1999, the employer decided to cease operations rather than relocate. Petitioner said the corporate attorney advised against dissolution. When asked about his stock ownership, petitioner said he "traded them back to the corporation because the corporation is closed." He said, "I think the term is treasury stock. I'm not an accountant." However, he also said he received no payment for the stock.
Although the corporation was not in the process of formal dissolution at the time the claim was filed, petitioner alleged it would be "dissolved at some point ... in the future." According to petitioner, he received approximately $5,000 from the employer after some bills had been paid, and he anticipated receiving another $5,000 "when we clear up all of the other bills." He said all of the assets had been sold at auction.
The Appeal Tribunal upheld the determination of the Deputy, finding that the employer was not in bankruptcy or dissolved, and, consequently petitioner did not meet the statutory definition of being "unemployed" since he was a corporate officer, and the corporation had been neither dissolved nor in bankruptcy. The Board of Review upheld that determination "for the reasons set forth therein except that the Opinion should reflect that the claimant held a 25% equity share of the corporation rather than a corporate officer." Petitioner appeals, claiming he "is entitled to unemployment insurance benefits."
Petitioner appeared without counsel before the Appeal Tribunal and the Board of Review. He engaged counsel for this appeal. For the first time, he now asserts that "[t]he corporation could not be dissolved because of the threat of serious potential environmental liability of the shareholders for activities that they did not create." He contends that prior owners of the employer had allowed underground storage tanks to be installed and used on the property resulting in a serious gasoline leak. He claims that the corporation was not dissolved in order to avoid possible imposition of individual liability upon the shareholders.
Counsel's insertion in his appellate brief of facts outside the record below is inappropriate. Generally, when reviewing trial errors, we confine ourselves to the record. State v. Harvey, 151 N.J. 117, 201-02, 699 A.2d 596 (1997); County of Bergen v. Borough of Paramus, 79 N.J. 302, 309-10 n. 2, 399 A.2d 616 (1979); Monmouth County Div. of Social Servs. v. P.A.Q., 317 N.J.Super. 187, 195, 721 A.2d 738 (App.Div.1998). He asks in his brief that we "order supplementation of the record by the taking of additional testimony and the introduction of pertinent documents," relying on R. 2:5-5(b). That rule contemplates the filing of a formal motion seeking that relief, in advance of oral argument. However, since we are compelled to reverse and remand, we direct that on remand petitioner be given the opportunity to supplement the record, subject, of course, to the Agency's right to reject a proffer of evidence it deems immaterial.
The burden of proof rests upon petitioner to establish his right to unemployment compensation benefits. Zielenski v. Board of Review, 85 N.J.Super. 46, *1276 51-2, 203 A.2d 635 (App.Div.1964). To establish eligibility for unemployment benefits, a person must be "unemployed" for any week during which "[t]he individual is not engaged in full-time work and with respect to which his remuneration is less than his weekly benefit rate." N.J.S.A. 43:21-19(m)(1)(A). However, an individual is not unemployed, and is therefore disqualified from benefits if he or she is either an officer of a corporation, or a person who has more than a 5% equitable or debt interest in the corporation, if his or her claim for benefits is based on wages with that corporation. Ibid. The disqualification is for any week during the individual's term of office or ownership in the corporation. Ibid. The disqualification applies "only if the person continues to be an officer or a more than 5% owner or creditor in any week for which he claims benefits." Nota v. Board of Review, 231 N.J.Super. 341, 343, 555 A.2d 710 (App. Div.1989).
Relying upon Nota, petitioner contends he is entitled to benefits because the corporation had ceased doing business. To be sure, in Nota we held that the statutory exception did not apply. A claimant may disassociate himself from a corporation that was his last employer, not only by resigning his office or disposing of his stock or debt interest, but also the association is broken if the corporation permanently ceases doing business. Id. at 346, 555 A.2d 710. Nonetheless, we also observed that the agency may reasonably require a corporation to dissolve in order to establish it had permanently ceased doing business. Ibid. Nevertheless, in the absence of a regulation, we held that the agency could not deny benefits by determining that the corporation must be dissolved before it can be considered to have permanently ceased doing business. Id. at 347, 555 A.2d 710. Thus, we held that in the absence of a regulation to the contrary, a petitioner who otherwise qualifies as "unemployed" is entitled to benefits if the corporation had permanently ceased doing business before the period for which he claims benefits, even though the corporation has not been formally dissolved. Id. at 347-48, 555 A.2d 710.
However, in response to Nota, the Department of Labor promulgated N.J.A.C. 12:17-12.1(a) which provides, as follows:
An officer of a corporation and/or a person who has more than five per cent equitable or debt interest in the corporation, whose claim for benefits is based on wages with that corporation, shall not be considered unemployed in any week during the individual's term of office or ownership in the corporation and the claim shall be determined invalid.
1. An equitable interest in the corporation is defined as the ownership of the corporate stock.
2. A debt interest in the corporation is defined as being a creditor of the corporation.
3. A corporation is considered viable unless it has been dissolved in accordance with the New Jersey Business Corporation Act ... or has filed for bankruptcy....
Clearly, N.J.A.C. 12:17-12.1(a) was promulgated in response to Nota and effectively renders an officer of a corporation and/or a person who has more than a 5% equitable or debt interest in the corporation ineligible for unemployment compensation benefits while that person still holds his or her office, or stock or debt interest and the corporation has neither been dissolved, nor filed for bankruptcy. We reject petitioner's contention that *1277 "[t]he regulation is contrary to the statutes and case law." See Fernicola v. Board of Review, 335 N.J.Super. 523, 525, 762 A.2d 1073 (App.Div.2000) where we rejected a similar contention and determined that "[t]he regulation neither contradicts the statutory language, nor does it go beyond it."
Petitioner contends that he is entitled to benefits since the reasons the corporation had not been formally dissolved were that it had been suggested by counsel that dissolution might subject him to potential individual liability, and also because the corporation was still in the process of collecting debts owed to it. We reject those contentions. Simply put, regardless of the purpose, the corporation had neither been dissolved, or filed for bankruptcy. Thus, it was still "viable." N.J.A.C. 12:17-12.1(a)(3).
We next consider petitioner's contention that he is entitled to benefits because he was no longer an officer or a shareholder. We recognize that the scope of appellate review of a final decision of an administrative agency is quite limited. In re Taylor, 158 N.J. 644, 656, 731 A.2d 35 (1999). We must determine "`whether the findings made could reasonably have been reached on sufficient credible evidence present in the record,' considering `the proofs as a whole' with due regard to the opportunity of the one who heard the witnesses to judge of their credibility." Ibid. (citations omitted). Thus, our scope of review is ordinarily restricted to four inquiries:
(1) whether the agency's decision offends the State or Federal Constitution;
(2) whether the agency's action violates expressed or implied legislative policies;
(3) whether the record contains substantial evidence to support the findings on which the agency based its action; and
(4) whether in applying the legislative policies to the facts, the agency clearly erred in reaching a conclusion that could not reasonably have been made on a showing of the relevant factors.

[Ibid. (citations omitted).]
Thus, if we find sufficient credible evidence in the record to support the agency's decision, we must uphold it, even if we believe we may have reached a different result. Id. at 657, 731 A.2d 35. On the other hand, if we conclude that the agency's action was arbitrary, capricious or unreasonable, we must then appraise the record as if we were deciding the case from its inception and make our own findings and conclusions. Ibid. Our role of review is more than perfunctory, we must engage in a "careful and principled consideration of the agency record and findings." Mayflower Securities Co., Inc. v. Bureau of Securities, 64 N.J. 85, 93, 312 A.2d 497 (1973); Williams v. Dept. of Corrections, 330 N.J.Super. 197, 203-04, 749 A.2d 375 (App.Div.2000). While our scope of review may be limited, we are not relegated to a mere rubber-stamp of agency action. In re Taylor, supra, 158 N.J. at 657, 731 A.2d 35; Williams, supra, 330 N.J.Super. at 204, 749 A.2d 375 (citations omitted).
Guided by these principles of law, we have carefully reviewed the record and are troubled by the failure of the Appeal Tribunal and the Board of Review to consider petitioner's contention that he had divested himself of his stock interest in the employer.
Our review of the record leaves us with a sense that the Appeal Examiner did not understand the concept of treasury stock. In any event, neither the Appeal Tribunal nor the Board addressed petitioner's *1278 contention that he was no longer an officer or shareholder. Indeed, we cannot determine from the record whether either even considered the contention. Furthermore, the contention may be important since the disqualification only applies for those weeks in which petitioner was either an officer of the corporation, or held more than a 5% equitable or debt interest in it. If petitioner can establish that neither disqualifying factor was present, he is entitled to benefits. Thus, consideration of that contention was essential for a proper resolution of his claim. We may consider an "obvious overlooking or under-evaluation of crucial evidence" so important that we may deny the agency decision the deference to which it is ordinarily entitled. Clowes v. Terminix International, Inc., 109 N.J. 575, 589, 538 A.2d 794 (1988). Indeed, in Bailey v. Board of Review, 339 N.J.Super. 29, 770 A.2d 1216 (2001), we recently reversed a final determination of the Board because we could not confidently conclude that it had considered the claimant's contention that a statement he had made admitting that he had committed employee theft was obtained by duress. Accordingly, we reverse and remand for further proceedings not necessarily because we disagree with the decision, but because we conclude that the Board did not consider or articulate its consideration of a potentially dispositive contention. We do not suggest that the Board is required to accept petitioner's assertion that he was no longer an officer, and no longer held a stock interest in the employer. Moreover, we do not intend by this opinion to limit the ability of the Board to look beyond the alleged transaction and determine whether it was bona fide. We merely hold that the Board must consider the contention and expressly rule upon it.
We elect not to invoke R. 2:10-5 and invoke original jurisdiction to determine the issue because we lack confidence that the present record provides ample basis to dispose of the question without further fact-finding. Moreover, we hesitate to invoke original jurisdiction where an administrative agency's application of its expertise may be of assistance.
Finally, because we conclude that the issue was not completely developed before the Appeal Tribunal, we direct that the record be reopened in order to afford petitioner an opportunity to supplement it with any evidence that may be relevant to an appropriate disposition of the claim. Obviously, respondents shall be afforded a similar opportunity.
Reversed and remanded to the Appeal Tribunal for further proceedings not inconsistent with this opinion. We do not retain jurisdiction.
NOTES
[1] Judge Keefe did not participate in oral argument. However, the parties have consented to his participation in this decision.