**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3390-16T3

MAXIM BASCH,

    Plaintiff-Appellant,

v.

BOARD OF REVIEW, DEPARTMENT OF
LABOR and MFB ENTERPRISES, INC.,

    Defendants-Respondents.

_____

        Submitted May 9, 2018 — Decided June 6, 2018

        Before Judges Koblitz and Manahan.

        On appeal from the Board of Review Department
        of Labor, Docket No. 096,030.

        Maxim Basch, appellant pro se.

        Gurbir S. Grewal, Attorney General, attorney
        for respondent (Jason W. Rockwell, Assistant
        Attorney General, of counsel; Peter H.
        Jenkins, Deputy Attorney General on the
        brief).

        Respondent MFB Enterprises, Inc., has not
        filed a brief.

PER CURIAM

Maxim Basch appeals from the March 28, 2017 decision of the Board of Review, Department of Labor (Board) that he was not eligible for unemployment compensation between May 6, 2016 and July 8, 2016 because he did not have requalifying wages, nor was he unemployed, because pursuant to statute, income from an S corporation is not considered. Basch was directed to refund $5,913.[1] We affirm.

Basch separated from his Verizon Services Organization (Verizon) employment in May 2015. He sued, alleging age discrimination, and settled with Verizon for a sum of money that did not constitute back wages. In October 2015 Basch formed a consulting company. He is the sole owner and employee of the S corporation, MFB Enterprises, Inc. and receives K-1 distributions.

He filed an initial claim for unemployment benefits effective May 3, 2015 based on his separation from Verizon. Benefits were paid. A year later, on May 8, 2016, Basch filed a transitional claim. Benefits were paid on the transitional year, but in August he was determined not to have requalifying income because the settlement funds were not wages, and any other income he received was through his S corporation.

---

[1]  Basch informs us that he has fully repaid this amount through a tax refund intercept.

On appeal, the Appeal Tribunal concluded that Basch did not have requalifying wages, N.J.S.A. 43:21-4(e)(6), and was not statutorily considered unemployed as the sole stockholder of a viable corporation. N.J.S.A. 43:21-19(m)(1)(A). The Board affirmed on the basis of the Appeal Tribunal opinion.

Our review of administrative agency decisions is limited in scope. Brady v. Bd. of Review, 152 N.J. 197, 210 (1997). Due regard is given to the agency's expertise, Ford v. Bd. of Review, 287 N.J. Super. 281, 283 (App. Div. 1996), and the agency's determination will not be disturbed absent a finding that it was "arbitrary, capricious, or unreasonable." Brady, 152 N.J. at 210.

"The burden of proof rests upon petitioner to establish his right to unemployment compensation benefits." Rudbart v. Bd. of Review, 339 N.J. Super. 118, 123 (App. Div. 2001). An "officer of a corporation, or a person who has more than a 5% equitable or debt interest in the corporation, whose claim for benefits is based on wages with that corporation shall not be deemed to be unemployed in any week during the individual's term of office or ownership in the corporation." N.J.S.A. 43:21-19(m)(1)(A); Rudbart, 339 N.J. Super. at 124-25 (App. Div. 2001). With the settlement funds not eligible wages, Basch's only remuneration came from his corporation.

Basch argues that he formed an S corporation "only for legal and tax purposes," has no employees and sporadic income, which qualify him for unemployment. He argues that under Federal tax law he is treated as an employee. He therefore deems himself entitled to unemployment compensation. He refers us to California case law, which is not applicable.

N.J.S.A. 43:21-16(d) generally "requires the full repayment of unemployment benefits received by an individual who, for any reason, regardless of good faith, was not actually entitled to those benefits." Bannan v. Bd. of Review, 299 N.J. Super. 671, 674 (App. Div. 1997). The decision by the Board is not "arbitrary, capricious or unreasonable" and is based upon "sufficient credible competent evidence in the record," and, therefore, we must uphold that decision. See Sager v. O.A. Peterson Constr., Co., 182 N.J. 156, 164 (2004).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3390-16T3