**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5127-16T1

ATUL PATEL,

     Appellant,

v.

BOARD OF REVIEW, DEPARTMENT
OF LABOR,

     Respondent,

and

TRUMP TAJ MAHAL ASSOCIATES,

     Defendant.

_____

          Argued July 17, 2018 – Decided November 28, 2018

          Before Judges Ostrer and Vernoia.

          On appeal from the Board of Review, Department of Labor, Docket No. 109,635.

          Cassandra M. Stabbert argued the cause for appellant (South Jersey Legal Services, Inc., attorneys; Cassandra M. Stabbert, on the briefs).

Shareef M. Omar, Deputy Attorney General, argued the cause for respondent (Gurbir S. Grewal, Attorney General, attorney; Shareef M. Omar, on the brief).

Respondent Trump Taj Mahol Associates has not filed a brief.

PER CURIAM

Claimant Atul Patel appeals from a Board of Review (Board) decision affirming an Appeal Tribunal's dismissal of his appeal from a determination disqualifying him from unemployment compensation benefits from October 23, 2016, through November 26, 2016, because the appeal was not timely filed under N.J.S.A. 43:21-6(b)(1). Having reviewed the record in light of the applicable legal principles, we vacate the Board's decision and remand for further proceedings.

Claimant reads and speaks Gujarati. He does not read or speak English. In a December 13, 2016 letter written in English, the Deputy Director advised claimant he was disqualified from benefits from October 23 through November 26, 2016, because he failed to report to the unemployment office during that period as required under N.J.S.A. 43:21-4(a) and N.J.A.C. 12:17-2.1.

The letter also informed claimant of his appeal rights, stating the Deputy Director's denial would become final unless claimant filed a written appeal within seven calendar days of the letter's delivery or ten days after its mailing.

The letter further advised that the time to appeal would be extended if good cause was shown and explained good cause exists where claimant shows the filing delay was due to circumstances beyond his control that could not have been reasonably foreseen or prevented.

Claimant appealed the denial of benefits in a January 20, 2017 letter, which was written in English. The Appeal Tribunal received claimant's letter on January 24, 2017.

The Appeal Tribunal conducted a telephonic hearing on the appeal, and claimant was the only witness. He testified with the assistance of a Gujarati interpreter. The hearing examiner commenced the hearing by describing the manner in which the hearing would be conducted, explaining she would "ask [him] some questions to get the information [she] need[s]." She added that when she was "done with [her] questions [he would] have an opportunity to add anything in closing that hasn't been covered." In response to the hearing examiner's question, claimant indicated that he "[understood] how the hearing [would] be conducted."

Claimant proceeded to respond to the hearing examiner's inquiries. He stated that he learned about filing for unemployment benefits from his former co-employees, who told him to go to the Pleasantville unemployment benefits

A-5127-16T1

office to apply. He applied for benefits on October 23, 2016, but later received a letter from "the unemployment officer telling [him] that [he was] not eligible for the benefits."[1] He received the letter denying benefits "a month or more" before his January 20, 2017 letter appealing the denial was sent.

Claimant testified that after receiving the December 13, 2016 letter, he went to the Pleasantville unemployment benefits office "two or three times" with the letter, but the hearing examiner did not ask claimant to describe what occurred during those visits, how he communicated with unemployment office representatives or what, if anything, he learned about the denial determination and deadline for filing an appeal on those occasions. The hearing examiner asked claimant if he obtained a translation of the denial determination and claimant testified that a "few days" after receiving the letter, he "show[ed]" it to a man he identified as Lucybi, who is employed at a bank and speaks Gujarati and English. Lucybi "read" the letter and told claimant he "would not understand anything . . . the letter [said]." Lucybi never told claimant the letter included a deadline for filing an appeal. The hearing examiner did not ask

---

[1] Claimant responded affirmatively to the Appeal Tribunal's question of whether he received "letters" stating he was disqualified from receiving benefits, but the record shows claimant was sent only the Deputy Director's December 13, 2016 letter.

claimant if Lucybi actually translated the letter for him or if claimant requested that Lucybi do so.

The hearing examiner did not ask claimant to explain what occurred between his initial meeting with Lucybi and the transmission of his January 20, 2017 appeal letter. In response to the hearing examiner's questioning, he testified only that he mailed the appeal letter to the Appeal Tribunal and Lucybi sent the appeal letter by telefax from the bank.

The hearing examiner also did not ask claimant to provide the reasons for the late filing of the appeal, and claimant never testified that he filed the appeal late because he did not understand English or was unaware of his appeal rights or the deadline for filing the appeal. Although the hearing examiner commenced the proceeding by stating she would ask claimant questions to obtain the information needed to decide the issues, the record is bereft of evidence about the reasons claimant filed his appeal beyond the N.J.S.A. 43:21-6(b)(1) deadline.

In its decision, the Appeal Tribunal found claimant received the denial determination "on an unknown date in" December 2016, filed his appeal on January 20, 2017, and that his appeal "was not filed earlier because . . . claimant does not read English and he did not get the [denial determination] translated

for a month." The Appeal Tribunal dismissed the appeal, finding it was not filed "within ten (10) days of the mailing of the [denial] determination, or within seven (7) days of [his] receipt of the determination," as required under N.J.S.A. 43:21-6(b)(1), and claimant failed to demonstrate good cause for the late filing of his appeal. See N.J.A.C. 12:20-3.1(i) (requiring consideration of a "late appeal" where it is "determined that the appeal was delayed for good cause").

Claimant appealed to the Board and, through counsel, argued the Appeal Tribunal erred by failing to find good cause for the late filing of his appeal. More particularly, counsel asserted "[g]ood cause for [the] late appeal should be found because [claimant] cannot read English and did not understand the [denial] determination . . . or his appeal rights."[2] In its final decision, the Board determined the appeal was properly dismissed as untimely under N.J.S.A. 43:21-6(b)(1) and claimant failed to establish good cause for the late filing of his appeal. This appeal followed.

---

[2] We observe that although claimant did not understand English and showed the denial determination to Lucybi, he never testified he did not understand his appeal rights or that the December 2016 letter constituted a denial determination. The record also lacks evidence showing when and if he became aware there was a deadline for filing his appeal. Claimant testified he took the denial determination to the unemployment office two or three times, but the hearing examiner did not inquire about what occurred, how claimant communicated with the unemployment office staff or whether claimant was informed during those visits about his appeal rights.

Well-established principles guide our review of the Board's decision. The scope of appellate review of an administrative agency's final determination is limited. In re Stallworth, 208 N.J. 182, 194 (2011). When an agency's findings of fact are under review the controlling question is not "whether an appellate court would come to the same conclusion if the original determination was its to make, but rather whether the factfinder could reasonably so conclude upon the proofs." Charatan v. Bd. of Review, 200 N.J. Super. 74, 79 (App. Div. 1985). We give agency decisions a "strong presumption of reasonableness" and will not reverse a Board's decision unless it is arbitrary, capricious, unreasonable, or not supported by evidence in the record. Thurber v. City of Burlington, 387 N.J. Super. 279, 301-02 (App. Div. 2006) (citations omitted); see also In re Herrmann, 192 N.J. 19, 27-28 (2007).

It is not disputed that claimant received the Deputy Director's letter denying benefits in December 2016, and did not serve his appeal letter until January 20, 2017, well beyond the deadlines for filing an appeal. See N.J.S.A. 43:21-6(b)(1); N.J.A.C. 12:20-3.1(h); see also 31 N.J.R. 1475(a) (June 7, 1999) (noting N.J.A.C. 12:20-3.1(h) was amended to "accurately reflect the time frames regarding the presentation of appeals to the appeal tribunals, as set forth at N.J.S.A. 43:21-6 . . . ."). The regulations, however, require that appeals filed

beyond the deadlines be heard and decided on the merits where certain conditions are satisfied. More particularly, N.J.A.C. 12:20-3.1(i) provides that:

> [A] late appeal shall be considered on its merits if it is determined that the appeal was delayed for good cause. Good cause exists in circumstances where it is shown that:
>
> 1. The delay in filing the appeal was due to circumstances beyond the control of the appellant; or
>
> 2. The appellant delayed filing the appeal for circumstances which could not have been reasonably foreseen or prevented.

The Board determined claimant did not establish good cause for the late filing of his appeal based on the Appeal Tribunal's singular factual finding that "[t]he appeal was not filed earlier because the claimant does not read English and he did not get the notices translated for a month." The Appeal Tribunal apparently determined claimant did not obtain a translation of the denial determination "for a month" because his January 20, 2017 letter appealing the denial was sent approximately one month after he received the denial in December 2016.

We are constrained to vacate the Board's determination that there was not good cause allowing the late filing of claimant's appeal under N.J.A.C. 12:20-3.1(i). The Appeal Tribunal's conclusion that claimant did not get the denial

notice translated for a month not only fails to find support in the credible evidence in the record, it is contradicted by the only evidence presented. Cf. Phila. Newspapers, Inc. v. Bd. of Review, 397 N.J. Super. 309, 318 (App. Div. 2007) (explaining the courts do not affirm agency decisions that are "not supported by substantial, credible evidence in the record as a whole"). Claimant showed the denial notice to Lucybi within a "few days" of receiving it, and was not advised at that time there was a deadline for the filing of the appeal.[3] To the extent claimant "show[ed]" the denial determination to Lucybi to obtain a translation, which is what the Appeal Tribunal determined, claimant did not wait a month or otherwise delay in doing so. He promptly showed the letter to Lucybi, but was not informed the letter included a statement of his appeal rights or the deadline for filing an appeal.

In our view, the evidence showing claimant's prompt presentation of the letter to Lucybi might support a finding of good cause for the late filing of claimant's appeal. Indeed, the Appeal Tribunal's singular reliance on claimant's purported delay in obtaining the translation for its finding an absence of good cause under N.J.A.C. 12:20-3.1(i) suggests that if claimant timely sought a

---

[3] We again note that claimant also took the denial determination letter to the unemployment office two or three times, but the hearing examiner did not inquire about what occurred during those visits.

translation, there might be good cause for his late filing. But the record before the Appeal Tribunal is inadequate to fairly make that determination.

We appreciate that claimant had the burden of establishing good cause for the late filing of the appeal, see Rudbart v. Bd. of Review, 339 N.J. Super. 118, 123 (App. Div. 2001) (explaining claimant has the burden of establishing entitlement to unemployment compensation benefits), but cannot ignore that the hearing examiner defined the proceeding as one during which she would ask claimant questions to obtain the information she needed to resolve the issues presented by his appeal, including whether there was good cause for the late filing of the appeal. By assuming that role, the hearing examiner's questions defined the information claimant could reasonably expect was "needed" to address the issues raised on his appeal because that is precisely what the hearing examiner said.[4]

---

[4] The hearing examiner's statement that she would ask the questions required to obtain the information necessary to address the issues presented on appeal was unintentionally misleading because it suggested that when she finished asking her questions, she had all of the information she needed to decide the issues on appeal. Thus, when she inquired at the end of the proceeding whether there was "anything else . . . [claimant] wanted to add" that was not "already covered," he could not have reasonably concluded it was necessary to provide any additional information supporting his appeal.

A hearing officer does not have an obligation to develop the evidentiary record supporting a claimant's appeal from a denial of unemployment compensation benefits. Here, however, the hearing officer expressly assumed the mantle of developing the record and indicated that claimant need only respond to her questions to provide the information necessary for resolution of his appeal. In our view, the hearing examiner's questioning left the Board and this court with a record wholly inadequate to determine whether there was good cause for the late filing of the appeal. As noted, the hearing examiner did not make basic and essential inquiries concerning claimant's late filing of the appeal, including inquiries concerning the reasons he filed his appeal late, the nature and content of his communications with the unemployment office staff after his receipt of the denial determination, and when, if and how he learned of his appeal rights. Claimant testified he does not understand English, but was never asked how he learned the December 2016 letter was a denial determination or knew to take the letter to the unemployment office on two or three occasions.

We are convinced that the manner in which the hearing examiner conducted the hearing limited the development of the record and resulted in a record inadequate to permit a proper assessment by the Board and this court as to whether there was good cause for the late filing of claimant's appeal. We are

11

therefore constrained to vacate the Board's decision and remand for the record to be reopened to allow claimant and the Division to present any additional evidence that may be relevant to whether there was good cause for the late filing of the appeal under N.J.A.C. 12:20-3.1(i), and any other issues related to claimant's appeal from the denial determination. We leave the development of the record, unencumbered by any limitations based on the hearing examiner's inquiries, to the parties.

We do not address the merits of claimant's argument that his due process rights were violated because the denial determination was written in English, and not Gujarati. See generally, Rivera v. Bd. of Review, 127 N.J. 578, 588-89 (1992) (explaining that notices to non-English speaking unemployment compensation claimants must be "reasonably calculated to provide . . . adequate notice," the "exact nature" of which requires a balancing of "the costs associated with providing any given type of notice . . . against the benefits that would accrue as a result"); Alfonso v. Bd. of Review, 89 N.J. 41, 46 (1982) (holding that the failure to provide "bilingual or multilingual notices" to unemployment compensation claimants "is not constitutionally required"); Alicea v. Bd. of Review, 432 N.J. Super. 347, 352-53 (App. Div. 2013) (rejecting application of the holding in Alfonso to a claimant "who speaks only Spanish, lives in Puerto

Rico and has seasonal employment in New Jersey" and holding due process requires that the Division provide the claimant notice of his appeal rights in Spanish).

During his testimony before the Appeal Tribunal, claimant did not detail the reasons for the untimely filing of his appeal or testify he was unaware of his appeal rights because the denial determination was written in English. We therefore choose not to address his due process argument which, for the reasons noted, is founded solely on the assertions of counsel and otherwise finds no support in the evidence. See, e.g., Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y., 58 N.J. 98, 107 (1971) (noting that our courts generally do not "function in the abstract"); see also O'Keefe v. Passaic Valley Water Comm'n, 132 N.J. 234, 240 (1993) (observing that courts should not decide constitutional issues unless required for the proper disposition of a matter). We add only that an unemployment compensation claimant is entitled to adequate notice and an opportunity to be heard. Garzon v. Bd. of Review, 370 N.J. Super. 1, 5 (App. Div. 2004). As our Supreme Court has observed, "the citizen facing a loss at the hands of the State must be given a real chance to present his or her side of the case before a government decision becomes final." Rivera, 127 N.J. at 583.

Vacated and remanded for further proceedings in accordance with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5127-16T1